International General Electric Company of Porto Rico, demandante y apelante, *v.* Plácido Colón Delgado y su esposa Enriqueta Daussá, demandados y apelados.

Núm. 8584.—*Sometido:* Abril 2, 1943. *Resuelto:* Noviembre 16, 1943.

*James R. Beverley, R. Castro Fernández* y *José López Baralt,* abogados de la apelante; *A. Aponte* y *F. R. Aponte,* abogados de los apelados.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

Éste es un pleito en cobro de dinero en el que se dictó sentencia declarando la demanda sin lugar, y se condenó a la demandante al pago de las costas y de trescientos dólares en concepto de honorarios de abogado.

La demandante, una corporación insular, alegó en su demanda que los demandados, marido y mujer, constituyeron a su favor en noviembre 16, 1932, una hipoteca sobre cierto solar y casa de su propiedad para garantizarle $3,100.93, en consideración a una cuenta corriente existente entre ellos que arrojó en la indicada fecha un balance a favor de la demandante por la expresada suma; y que en noviembre 30, 1935, vencida la hipoteca fué liquidada la cuenta corriente con un saldo a favor de la demandante de $1,712.43, con más $128.90 por intereses, que los demandados no satisficieron a la demandante no obstante haberlos requerido para ello.

En su contestación los demandados aceptaron el otorgamiento de la escritura de hipoteca pero negaron que lo fuera para garantizar suma alguna en exceso de $2,500 y negaron que la hipoteca estuviera vencida y que cubriera saldo alguno a favor de la demandante, negando asimismo que suma alguna de la cantidad originalmente adeudada a la demandante por el demandado Plácido Colón, que fué objeto de la garantía hipotecaria, se hallara insoluta. En contrario alegaron que todo el importe de la deuda garantizada, así como todo lo

que adeudaba el dicho demandado en noviembre de 1932, fué pagado en distintos abonos hechos a la demandante desde noviembre 19, 1932, a diciembre de 1935.

Negaron que la cuenta corriente objeto del litigio fuera liquidada en momento alguno y en contrario alegaron que en diciembre 1935 se presentó al demandado Plácido Colón el representante de la demandante J. Bonano y le informó que estando los auditores de la casa investigando los asuntos de la demandante, deseaba que le pusiera el "O. K." a los dos estados de cuenta que le presentó, uno por $1,712.43 y otro por $128.90. El demandado se negó por no poder determinar la exactitud de las partidas, pero Bonano le rogó que firmara prometiendo devolverle los documentos tan pronto los auditores terminaran su trabajo, y confiando Colón en la caballerosidad de Bonano, así lo hizo. Sigue alegando que la cuenta según pudo comprobarse después estaba llena de errores, habiéndose cargado intereses en la misma, $472.42, que no habían sido convenidos y omitiéndose abonos por más de $397.

Negaron que aceptaran liquidación alguna de capital ni de intereses de la hipoteca y que fueran requeridos de pago.

Del récord aparece que los demandados hicieron a la demandante una proposición de transacción al efecto de que se dictara sentencia en contra de los demandados por la suma de $843.01; y que dicha proposición no fué aceptada por la demandante.

En el acto del juicio se llamó a declarar a Jenaro Bonano, subsecretario auditor de la demandante. Se le mostró un documento y dijo: "Éste es un estado de la cuenta del Sr. Plácido Colón de Humacao reportado el 31 de diciembre de 1935 demostrando un saldo a favor de la compañía de $1712.43." Llegó a sus manos "por el curso ordinario del correo." Conoce la firma y es genuina. Reconoce la copia de la carta de diciembre 11, 1935 remitiendo el estado. Aclara que eran dos estados. La fecha diciembre 31, 1935 que aparece en el estado es la de su recibo.

Los estados y la copia de la carta se ofrecieron en evidencia y fueron admitidos. La carta dirigida a Colón fechada en diciembre 11, 1935, dice:

Debido a que estamos esperando la visita de uno de los auditores de nuestra oficina principal deseo tener aclarada su cuenta con anticipación a la llegada de este señor y me estoy permitiendo adjuntarle dos estados de cuenta; uno que comprende su cuenta corriente o sea $1,712.43 en noviembre 30 y otro $379.55 que corresponde a los giros que usted nos firmó y que están al cobro con el Roig Commercial Bank. También le estoy adjuntando dos facturas por intereses que hemos dejado de cargar a su cuenta corriente desde diciembre 31, 1934, a noviembre 30, 1935, cuya factura asciende a $128.90.

"Mucho apreciaríamos si se quedase con el duplicado de estos documentos y nos devolviese el original de cada uno de ellos con su conformidad."

Continuó declarando el testigo y contestando al abogado de la demandante negó que hubiera tenido entrevista personal alguna con Colón para llegar a la liquidación de la cuenta. Eran más de las seis de la tarde y el Juez dijo: "Para las repreguntas vamos a fijar otro día. La corte fijará fecha para la continuación de este caso."

Cerca de dos meses después, en junio 24, 1940, continuó la vista. El abogado de la demandante manifestó que su caso quedó terminado. El de los demandados aclaró que no, que el testigo Bonano estaba declarando y no habían terminado las repreguntas. El juez ordenó que se llamara al testigo. La demandante informó que no podía comparecer por hallarse fuera de la isla. Insistieron los demandados en que tenían "notas de crédito" por valor de $5,615.13 a ser reconocidas. Indicó el juez que su autenticidad podía admitirse por la demandante, contestando los demandados: "Hay algunas notas de éstas, Sr. Juez, que nosotros tenemos, que no están aquí y que queremos someter al propio Sr. Bonano, porque es una de las formas que tenían para coger al Sr. Bonano. Las ofreceremos a la corte, no vamos a cogerlo."

La corte se declaró en receso para que las partes se pusieran de acuerdo. A las dos de la tarde se llamó el caso y los demandados manifestaron:

"Sr. Juez, én este caso nosotros dimos los papeles, de acuerdo con lo sugerido por la corte, a la parte contraria. Estuvimos alrededor de media hora larga y últimamente el examen que hacía la parte contraria para ver todos los papeles, era sumando las partidas, tomando notas, viendo mi prueba, y nosotros tuvimos que decirle que no, que era simplemente a ver si esos documentos eran auténticos."

Siguieron varias manifestaciones de los abogados y no obstante las indicaciones del juez para que lo que se aceptara se marcara, la transcripción es tan confusa que no permite concluir con certeza si algo fué o no definitivamente aceptado. Y así las cosas, aumentando la confusión, dijo la demandante por su abogado: "Sr. Juez, con el fin de poder igualarnos a la parte contraria en cuanto a la posición que nos creaba la declaración del Sr. Bonano, vamos a renunciar formalmente a esa declaración."

Se opusieron los demandados. Surgió la consiguiente discusión que ocupa varias páginas del récord y en el curso de la misma manifestó el abogado de la demandante, "Sr. Juez, vamos a aceptar que los documentos fueron entregados por Bonano, de caballero a caballero, y que el Sr. Colón los firmó de caballero a caballero. Vamos a aceptar eso como cierto y que no fueron cursados por correo."

Opinamos que la sentencia recurrida debe ser revocada y ordenarse la celebración de un nuevo juicio, por los motivos que vamos a exponer.

■■ Existe en este caso la circunstancia de que el juicio fué celebrado ante un juez, quien tuvo la oportunidad de ver y oír declarar a los testigos, y la sentencia fué dictada por otro que no tuvo esa oportunidad. Esta Corte Suprema se encuentra, pues, en igualdad de condiciones que el juez sentenciador para pesar la prueba y resolver los conflictos que de ella puedan surgir. Examinada detenidamente toda la

evidencia, de ella surge un serio conflicto entre la declaración de Jenaro Bonano, testigo principal de la demandante y el testimonio del demandado Plácido Colón. En nada ayuda a la solución del conflicto el testimonio de Alberto Burgos, testigo de refutación ofrecido por la demandante, pues éste contradice y desmiente a Bonano en cuanto a la parte de su declaración en que negó enfáticamente la celebración de la entrevista entre él y el demandado, y por otra parte desmiente a Colón en cuanto a las falsas representaciones y promesas que dice Colón le hiciera Bonano para conseguir su aceptación de las cuentas.

El juez sentenciador resolvió el conflicto a favor del demandado, a cuya declaración dió entero crédito, negándoselo a los testigos de la demandante. Una mayoría de este Tribunal opina que el juez sentenciador erró en la apreciación de la prueba y que procede por tanto revocar la sentencia recurrida. La opinión del Tribunal es unánime en cuanto a que no sería justo dictar una nueva sentencia en favor de la demandante y en contra del demandado, toda vez que éste se vió privado del derecho de repreguntar al testigo Bonano. Todas estas circunstancias excepcionales y el estado de confusión en que se encuentra el récord han llevado al Tribunal a la conclusión de que es procedente y justo que se revoque la sentencia y que se devuelva el caso a la corte de su procedencia para la celebración de un nuevo juicio.

Nada de lo que aquí resolvemos deberá ser considerado o interpretado como una alteración de la regla de que un caso visto ante un juez puede y debe ser fallado por otro cuando concurran las circunstancias provistas en la Regla 63, de las Reglas de Enjuiciamiento Civil. De haber estado en vigor las citadas Reglas en la fecha en que se resolvió este caso, el juez inferior hubiera tenido discreción para conceder un nuevo juicio, a tenor de lo dispuesto en el párrafo cuarto de la citada Regla 63.