CARMEN RODRÍGUEZ, demandante y apelante, *v.* ALFREDO PAGÁN, demandado y apelado.

Núm. 9400.—*Sometido:* Abril 9, 1947. *Resuelto:* Mayo 19, 1947.

*Andrés Ruíz, Jr.*, abogado de la apelante; *Eudaldo Báez García*, abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Carmen Rodríguez y Alfredo Pagán litigan sobre la custodia del menor Pedro Méndez Rodríguez. Sostiene ella en su demanda que este niño es hijo natural suyo y de Leonardo Méndez, y que el menor fué a vivir con su padre cuando tenía dos años de edad; que Leonardo Méndez hizo entrega del niño a espaldas suyas al demandado Alfredo Pagán, quien lo ha tenido bajo su custodia por espacio de cinco años; que Leonardo Méndez falleció y Alfredo Pagán retiene al menor contra su voluntad y privado de su libertad en el barrio Leguísamo de Mayagüez, negándose a entregarlo a la demandante a pesar de sus gestiones al efecto; que ella está en buenas condiciones para atender a las necesidades del menor y puede mandarlo a la escuela, proporcionarle el debido cuidado y atención, así como los cuidados médicos indispensables; que el referido niño está actualmente descalzo y en mal estado de salud y que el demandado lo ha enviado en distintas ocasiones a buscar leña al monte y le ha administrado castigo corporal.

Expedido el auto, el demandado contestó aceptando ciertos hechos, negando los esenciales de la demanda, planteando ciertas defensas especiales y aduciendo materia nueva de defensa. Visto el caso, el juez de distrito dictó opinión y sentencia declarando la petición sin lugar. No conforme la demandante ha apelado y señala en su alegato dos errores, a saber:

"1.—La corte inferior cometió error al resolver que conviene mejor al bienestar de dicho menor el continuar bajo la custodia del demandado Alfredo Pagán.

"2.—La corte inferior cometió error al resolver que el demandado Alfredo Pagán se encuentra en mejores condiciones que la demandante para atender las necesidades y afianzar el bienestar de dicho menor."

Como ambos van dirigidos principalmente a la prueba, creemos que ellos pueden ser tratados conjuntamente y que con tal fin es menester examinar la evidencia aducida por las partes. Ésta puede sintetizarse así:

El menor Pedro Méndez Rodríguez es hijo natural de la demandante y de Leonardo Méndez, quien falleció en 1945. El niño fué a manos del demandado porque teniéndolo la demandante en su poder ella permitió que el menor pasara unos días en casa de una tía suya y estando allí Leonardo Méndez se lo arrebató a ésta y se lo entregó al demandado. Muerto Leonardo ella hizo gestiones para que se le entregara el niño, pero el demandado se negó. Siempre que fué a ver al menor lo encontró sucio, descalzo, sin pelo y vestido con tela de sacos, hallándolo una vez con tosferina y traposo y otro día con un paquete de leña en la cabeza. La demandante trabaja en guantes y costura y se gana de $25 a $30 semanales, aunque en la repregunta manifestó que la semana anterior sólo se había ganado $12.24. La casa de ella, situada en la Calle Vivaldi, de Mayagüez, tiene dos dormitorios, sala, comedor, cocina, dos baños, inodoro, y otro cuarto pequeño. Hace cinco años vive en ella. La demandante es soltera y no tiene ningún compañero, teniendo dos hijos de Leonardo Méndez y una de su matrimonio anterior, llamada Prisca Aldevoch, la que vive con ella. El otro hijo de Leonardo, que es una niña, vive con una tía. Vivió separada de Méndez desde 1939 hasta que éste murió y el niño está en poder del demandado hace unos cinco años. Ella está en condiciones de tener el niño aseado y de mandarlo a la escuela. Su hija Prisca tiene once años y está en quinto grado, no viviendo ninguna otra persona en la casa.

La prueba del demandado demostró que éste es casado y tiene dos hijas de matrimonio y una hija natural reconocida;

que se dedica a la fabricación de pastas de guayaba, *mangó* y mamey y se gana de ordinario $15, $18 ó $20 semanales; que vive en el barrio Leguísamo, como a 12 kilómetros del pueblo de Mayagüez y como a dos kilómetros de la escuela más cercana; que el menor está en tercer grado y que en la escuela de dicho barrio no se enseña ningún grado superior a ese. Demostró igualmente que él y su esposa tratan al niño como si fuera hijo propio, que no es cierto que éste vaya a la escuela descalzo y sucio y que tampoco es verdad que esté privado de su libertad. La casa donde vive el demandado con su esposa, sus dos hijas legítimas y el menor tiene dos cuartos, sala y cocina. La hija natural reconocida no vive con ellos y él no tiene que pagar por la casa que vive, ya que ésta es de un tío suyo y él no le cobra nada por ella. El demandado es sobrino del padre del menor.

El propio menor declaró que está en tercer grado, nunca ha vestido traje de sacos, nunca lo han mandado a buscar leña ni agua, se sienta a la mesa con sus hermanitas, duerme en una cama y prefiere quedarse en la casa de Alfredo Pagán y la esposa de éste.

Con esta prueba ante sí el juez de distrito fué de opinión que debía declarar sin lugar la demanda y así lo decretó.

Una cosa es la apreciación de la prueba y otra es el efecto legal de la misma. Aceptando como ciertos los hechos que la corte inferior declaró probados, y sin que intervengamos con su discreción en la apreciación de la prueba, no podemos suscribir su opinión en cuanto a que esos hechos demuestren que el bienestar del menor requiere que permanezca bajo el cuidado y custodia del demandado.

En recursos de esta naturaleza el bienestar del niño es el elemento predominante. *Fernández* v. *Martínez*, 59 D.P.R. 548; *Ríos* v. *Lafosse*, 59 D.P.R. 509; *Llopart* v. *Mesorana*, 49 D.P.R. 250; *Chardón* v. *Corte*, 45 D.P.R. 621; *Babá* v. *Rodríguez*, 36 D.P.R. 502; y *Chabert* v. *Sánchez*, 29 D.P.R. 241. Los deseos que pueda expresar el menor no desempeñan papel decisivo. El consultarlos es una simple

regla de procedimiento fundada en el deber de la corte de ejercitar una sabia circunspección y no un derecho legal del menor para resolver por sí y por la corte la cuestión tocante a la custodia. *Yon* v. *Gómez,* 14 D.P.R. 698, 715, y *Ex parte Chabert,* 30 D.P.R. 765, 768.

¿Está el bienestar del menor Pedro Méndez Rodríguez mejor garantizado dejándolo en poder del demandado? A nuestro juicio no. Los ingresos semanales de éste son más o menos similares a los de la demandante, pero él tiene que sostener en su casa a su esposa y a sus dos hijas y que contribuir sin duda a la alimentación de la hija natural reconocida que no vive con él. La demandante sólo tiene que alimentar a su hija Prisca Aldevoch y sostenerse a sí misma. Por otra parte, la casa de la demandante es más amplia que la del demandado y en ella solamente viven dos personas, mientras que en la de Pagán viven cinco personas. Además, el menor tiene que caminar diariamente 4 kilómetros para ir a la escuela y regresar de ella, y, de continuar con el demandado, al terminar el tercer grado no podría seguir asistiendo a la escuela, a no ser que éste lo enviara a una escuela de superior categoría, en Mayagüez o en cualquier otro pueblo. Los hechos probados no demuestran que el demandado Pagán esté en condiciones de hacer esto. La demandante, sin embargo, vive en la ciudad de Mayagüez donde hay escuelas elementales, escuela superior y aun parte de la Universidad de Puerto Rico. Aunque no es decisivo, también hemos tenido en cuenta el hecho de que la demandante es la madre del menor objeto del recurso, mientras que el demandado es tan sólo primo suyo, y de ordinario nadie cuida con mayor celo y cariño a un menor que su propia madre. Tomando todo ello en consideración es incuestionable que el bienestar del menor está mejor asegurado si se concede su custodia a la aquí demandante.

*Debe revocarse la sentencia apelada y concederse la custodia del niño a la demandante Carmen Rodríguez.*