ANGUSTIAS LEONIDAS CASTRO BOYRIE, demandante y apelada, v. FERMÍN MELÉNDEZ LIND, demandado y apelante.

Número 12706.
*Sometido:* 20 de abril de 1961. *Resuelto:* 4 de mayo de 1961.

*Ubaldo Aponte,* abogado de la apelante; *Helios A. Zeno,* abogado de la apelada y de la Sociedad para Asistencia Legal de P. R.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

La demandante Angustias Leonidas Castro recurrió al Tribunal Superior, Sala de Guayama, mediante petición de hábeas corpus, para que se ordenara al demandado Fermín Meléndez Lind le entregara la custodia de tres hijos menores procreados en el matrimonio contraido entre ambos, y que había sido disuelto mediante sentencia de divorcio. Alegó que la patria potestad y custodia sobre dichos menores le había sido otorgada en virtud de pronunciamiento al efecto contenido en dicha sentencia; que se encontraba en condiciones económicas de proveerle a los tres menores un ambiente propicio para su crecimiento; y que éstos no pueden permanecer bajo la custodia de su padre porque dicho demandado ha evidenciado una crasa despreocupación en cuanto al cuidado, aseo personal y demás atenciones de los menores y que el verdadero motivo que tiene el demandado para retener a los menores es evitarse el pago de la pensión alimenticia que por la suma de $37.50 mensuales viene obligado a satisfacer en virtud de orden judicial. Concluye que los mejores intereses

de los menores requieren que continúen bajo el cuidado de la demandante.

En su contestación, el demandado admitió que tiene los tres hijos menores—quienes para el año 1959 contaban 10, 9 y 8 años de edad—bajo la custodia y cuidado inmediato de sus padres y bajo la inmediata supervisión del demandado debido a que la demandante los abandonó; que la conducta de ésta al recibir y tener relaciones sexuales con hombres en presencia de los menores es perjudicial a éstos; que desde la fecha del divorcio la demandante ha tenido dos hijos que son el resultado de relaciones ilícitas sostenidas por ésta con hombres que no han vivido permanentemente con ella; que los menores son objeto de una atención esmerada y asisten regularmente a la escuela; y finalmente, que la salud, bienestar y conveniencia de los hijos requieren que no se altere la situación existente que ha dado margen a la petición.

En el acto de la vista las partes estipularon que se ordenara a la oficina local de Bienestar Público para que realizara una investigación "a los fines de determinar cuál de los padres debe tener la custodia de los referidos menores". No se practicó otra prueba y el caso se sometió a base del informe rendido en 12 de mayo de 1959, que se hizo formar parte de la sentencia. El tribunal de instancia, después de estudiar el informe, determinó en forma lacónica que "no apareciendo del mismo razón fundamental alguna para privar a la peticionaria de su derecho a la custodia sobre los menores en cuestión", procedía declarar con lugar la petición de hábeas corpus presentada. Dictó la sentencia correspondiente, y contra la misma se interpuso oportunamente recurso de apelación.

■■ Antes de entrar a considerar los méritos del recurso, es preciso que puntualicemos que no estamos frente a un caso en que está envuelta la reiterada doctrina de que en apelación o revisión no alteraremos las determinaciones de hecho del tribunal *a quo* a menos que se demuestre que no

576

hay evidencia suficiente en los autos para sostenerlas, o cuando se revele que actuó movido por pasión, prejuicio o parcialidad.(1)   Esta doctrina, que se ha convertido en una regla de derecho, es aplicable únicamente cuando se trata de la apreciación de prueba consistente en el testimonio de testigos, por la razón clara de que el tribunal de instancia está en mejores condiciones de observar la actitud de éstos, su forma de declarar, sus gestos, y en general su conducta al prestar declaración.(2)   Esa deferencia a la oportunidad única que tiene el tribunal sentenciador no podemos extenderla a la apreciación de prueba documental o al testimonio de testigos ofrecido mediante declaraciones escritas.   En tales situaciones estamos en las mismas condiciones para hacer nuestras propias determinaciones, y no podemos renunciar a ello sin afectar la efectividad de nuestra función judicial de revisar.(3)

En un recurso como el presente la misión del tribunal, en el ejercicio del *parens patriae* del Estado, es determinar a quién corresponde la custodia de los hijos menores guiado primordialmente por el bienestar y conveniencia de éstos.   *Pratt* v. *Reuter*, 79 D.P.R. 962, 978 (1957) ; *Muñoz* v. *Torres*, 75 D.P.R. 507 (1953) ; *Santos* v. *Berdecía*, 73 D.P.R. 766 (1952) ; *Rodríguez* v. *Pagán*, 67 D.P.R. 345

(1) *Ramírez* v. *Ramírez*, 80 D.P.R. 518 (1958) ; *Freytes* v. *Municipio*, 80 D.P.R. 521 (1958) ; *Géigel* v. *Ramos*, 79 D.P.R. 862 (1957) ; *Luperena* v. *Autoridad de Transporte*, 79 D.P.R. 464 (1956).

(2) *Toro* v. *Mojica*, 79 D.P.R. 630 (1956) ; *Vidal* v. *Barletta*, 79 D.P.R. 800 (1957) ; *Martín* v. *Torres*, 79 D.P.R. 391 (1956).   La Regla 43.1 de las de Procedimiento Civil de 1958 dispone expresamente que "Las determinaciones de hechos *basadas en testimonio oral* no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos".

(3) *Feliciano* v. *Sundem*, 78 D.P.R. 1, 6 (1955) ; *Luce & Co.* v. *Cianchini*, 76 D.P.R. 165, 169 (1954) ; *Rivera* v. *Great Am. Indemnity Co.*, 73 D.P.R. 232 (1952) ; *Nogueras* v. *Muñoz*, 67 D.P.R. 441, 444 (1947) ; *International General Electric Co.* v. *Colón*, 62 D.P.R. 574 (1943).

(1947); *Fernández* v. *Martínez*, 59 D.P.R. 548 (1941); *Ríos* v. *Lafosse*, 59 D.P.R. 509 (1941); *Llopart* v. *Mesorana*, 49 D.P.R. 250 (1935); *Chardón* v. *Corte*, 45 D.P.R. 621 (1933); *Babá* v. *Rodríguez*, 36 D.P.R. 502 (1927); *Blanco* v. *Hernández*, 32 D.P.R. 22 (1923); *Chabert* v. *Sánchez*, 29 D.P.R. 241 (1921); *Custody of Minor, Best-Interest-of the Child Rule*, 32 Tul. L. Rev. 499 (1958); *Child's Custody, The Test of a Child's Welfare*, 32 Rocky Mt. L. Rev. 397 (1960). Sin embargo, el tribunal de instancia se limitó a resolver que no existía razón fundamental alguna para privar a la demandante de su *derecho* a la custodia de los menores, sin que hiciera pronunciamiento alguno sobre el mejor bienestar de éstos. Aparentemente descansó en el contenido del derecho de patria potestad y custodia conferido a la madre en virtud de la sentencia de divorcio. Pero ese no era el aspecto fundamental envuelto en el caso. La controversia planteada requería que el tribunal hiciese una determinación específica sobre la conveniencia y bienestar de los hijos, irrespectivamente del *derecho* de la demandante. No se trataba de juzgar si la prueba ofrecida justificaba privarla de la custodia de los menores, sino si, considerando todos los factores que procede aplicar en estos casos, el bienestar de los hijos requería que permaneciesen bajo la custodia de uno u otro. Nelson, *Divorce and Annulment* (ed. 1945), pág. 164 et seq. Y respecto a este particular, aun concediendo que debe preferirse a la madre cuando se trata de niños de corta edad y que meras ventajas económicas no deben inclinar pesadamente la balanza a favor del padre, creemos que la prueba admitida no justifica la conclusión de que la custodia debe restituirse a la madre. Apreciados en conjunto, tenemos que sostener que el bienestar, la conveniencia y la formación moral de los menores requiere que permanezcan bajo la custodia del padre demandado. Cf. *Loss of Custody of Minor Children Because of Immoral Conduct*, 28 Rocky Mt. L. Rev. 138 (1955).

La prueba, que consistió exclusivamente del informe escrito rendido por la oficina de Bienestar Público, (⁴) revela que la madre demandante reside en un caserío público en unión a dos niños menores; que uno de estos niños es el fruto de sus relaciones con Martín Ramos; que los vecinos se han quejado con frecuencia de su conducta, ya que el apartamiento que ocupa es visitado por distintos hombres, y aunque no se producen escándalos, los niños presencian hechos que comentan luego con los hijos de los vecinos; que la demandante sostenía relaciones íntimas con estos hombres, quienes "cruzaban del dormitorio al cuarto de baño completamente desnudos y (así) eran vistos por los menores"; que la demandante no tiene medios económicos de vida conocidos y que se sostienen ella y sus hijos con la pensión que les pasan el demandado y el padre de la hija recién nacida; que después del divorcio, la demandante ha tenido dos hijos de hombres con quienes no ha tenido constituido un hogar; que el demandado tiene un hogar constituido con otra mujer y que ambos son empleados y devengan un salario total de trescientos cuarenta dólares mensuales; que los niños se encuentran en el hogar

---

(⁴) La regla general es que un tribunal puede, en el ejercicio de su discreción o de conformidad con autorización expresa de un estatuto al efecto, ordenar una investigación independiente en procedimientos relacionados con la custodia de menores para recoger toda la información posible a los fines de llegar a una decisión adecuada. No obstante, las partes no pueden ser privadas de un juicio imparcial, o sea, rodeado de los requisitos mínimos de un debido procedimiento de ley. Ahora bien, cuando una parte ha consentido a que se utilice un informe de una agencia de bienestar, no puede luego quejarse en apelación de que se le privó del debido procedimiento. Está también firmemente establecido que aun cuando se admita un informe, el tribunal puede o no darle peso a los fines de resolver finalmente, ya que no puede delegarse la facultad de *parens patriae* al resolver sobre la custodia de menores. Véanse, *State ex rel. Van Loh* v. *Prosser*, 98 N.W.2d 329 (S.D. 1959); *Rea* v. *Rea*, 245 P.2d 884 (Ore. 1952); *Jenkins* v. *Jenkins*, 23 N.E.2d 405 (Mass. 1939); *Wunsch* v. *Wunsch*, 20 N.W.2d 545 (Wis. 1945); *Biles* v. *Biles*, 236 P.2d 621 (Cal. 1951); *Balick* v. *Balick*, 92 A. 2d 703 (Pa. 1952); *Thompson* v. *Thompson*, 55 N.W.2d 329 (Minn. 1952); *Noon* v. *Noon*, 191 P.2d 35 (1948); *Martínez* v. *Martínez*, 165 P.2d 125 (N.M. 1946). Véase además, *Use of Extra-Record Information in Custody Cases*, 24 U. Chi. L. Rev. 349 (1957).

de los abuelos paternos donde son atendidos con esmero y atención, y se les prodiga cariño; que el demandado visita sus hijos diariamente y se preocupa por su labor escolar; que los niños concurren regularmente a la escuela "bien vestidos, limpios y calzados"; y que aparentemente los menores han logrado "buen ajuste" en el hogar de los abuelos.

Como cuestión de hecho la demandante no estableció los hechos alegados en la petición, o sea, que se encuentra en condiciones económicas de proveerle a sus hijos un *"ambiente propicio"* para su crecimiento y que el demandado ha demostrado despreocupación por su bienestar. La prueba, como hemos expuesto, establece precisamente lo contrario. A pesar de la información perjudicial que contiene el informe de la oficina de Bienestar Público, la demandante no hizo esfuerzo alguno por presentar otra prueba para explicar o controvertir los hechos. La conducta desordenada, por no utilizar otro calificante más crudo, de la madre no fue desmentida. En este sentido el presente caso es distinguible de la situación que consideramos en *Muñoz* v. *Torres*, 75 D.P.R. 507 (1953), en donde se trataba de una mujer que vivía en concubinato con otro hombre en la misma casa con el hijo menor, lo que por sí solo no indicaba la probabilidad de que existiera en el futuro "un ambiente de inmoralidad y corrupción tal, que quede lesionada la personalidad moral" del menor. Cf. *Effect of Adultery on Custody Awards*, 16 Wash. & Lee L. Rev. 287 (1959). Además, los menores afectados por esta controversia han manifestado su deseo de permanecer al lado de sus abuelos, y aunque no es esto un factor decisivo, merece consideración. *Rodríguez* v. *Pagán*, 67 D.P.R. 345 (1947); *Ríos* v. *Lafosse*, 59 D.P.R. 509 (1941); *Factual Consideration in Custody of Children*, 38 Minn. L. Rev. 623, 628 (1954).

Una de las raíces del problema de la delincuencia juvenil es el ambiente de desajuste y amoralidad que prevalece en algunos hogares y que ofrece, como únicos frutos, niños desa-

justados y sin un concepto adecuado de los valores éticos y morales del individuo. Nada más apropiado que el ejercicio del poder de *parens patriae* del estado para lograr en parte una solución preventiva en este grave problema.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Guayama, en 24 de junio de 1959, y se declarará sin lugar la petición de hábeas corpus.*