Escribano Medina, Juez Ponente
*1050 TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos la parte peticionaria, Luz Virginia López Ruiz y otros, para que revisemos una Resolución emitida el 24 de enero de 2003 y notificada de su archivo en autos el día 30 de enero de 2003 por. el Tribunal de Primera Instancia, Sala Superior de Arecibo (Hon. Manuel A. Ornóla Pérez, J).
I
Los hechos que surgen de los autos son los siguientes. El causante Eugenio Alvarez Portalatín (en adelanté causante) estuvo casado en primeras nupcias con la Sra. Carmen González Rosado, habiéndose estos casado el. 9 de agosto de 1947. En esta unión se procrearon 3 hijos, Eugenio, Carmen y Ramón, todos de apellidos Alvarez González. Este matrimonio terminó en divorcio el 13 de julio de 1968.
Allá para el 1973, el causante conoció a la Sra. López y para 1975 ambos comienzan a tener una relación concubinaria. De esta relación nace la codemandada Lillibeth Alvarez López el 5 de octubre de 1976. Un año antes de la muerte del causante, éste y la Sra. López acuerdan casarse para que ésta pudiese acogerse a los beneficios del seguro social. Surge también de los autos que durante la relación concubinaria, ambos contribuyeron con su esfuerzo al sostenimiento de dicha relación y de sus negocios en igual proporción.
El causante falleció el día 5 de julio de 1996 a la edad de 70 años. Al momento de su muerte, el causante estaba casado con la codemandada Luz Virginia López Ruiz con quien se casó el 14 de septiembre de 1995 bajo el régimen de sociedad legal de gananciales.
Al momento de su muerte, el causante había expresado su última voluntad en testamento abierto otorgado el 22 de febrero de 1995 en escritura pública núm. 37 ante el notario Luis A. Arroyo Vázquez. En este testamento declaró que:

“a) Sus únicos y universales herederos eran Eugenio, Ramón, Carmen y Pedro, todos de apellidos Alvarez González y Lillibeth Alvarez López-

b) Le otorgó el tercio de mejora a Lillibeth Alvarez López-

c) Le otorgó el tercio de libre disposición a Judith Rivera López.

d) Que Doña Luz Virginia López Ruiz aportó más del 85% del dinero para la construcción de la estructura de dos plantas y solar designado con el 159 del Proyecto Víctor Rojas II del Barrio Hato Debajo de Arecibo, 
*1051
Puerto Rico. ”

La Sra. Luz Virginia López Ruiz, era costurera, ama de casa y ayudaba al causante en los negocios de este.
Una vez fallece el causante, los recurridos presentaron demanda el 30 de junio de 2000 en la que alegaron que los bienes generados o adquiridos durante el concubinato-matrimonio del causante con la Sra. López, pertenecen a ambos en proporción de 50% a cada uno.
Entre los bienes alegados se encuentran el Colmado El Naranjo localizado en la calle C núm. 105 del Bo. Víctor Rojas II, la Taberna localizada en la calle A núm. 247 del Bo. Víctor Rojas II y una casa localizada un el solar núm. 160 manzana núm. 8 del Bo. Víctor Rojas n, todos en Arecibo, Puerto Rico.
El tribunal de Instancia determinó en su Resolución lo siguiente:

“1) Que a la luz de la prueba desfilada, tanto el causante como la Sra. López contribuyeron con su esfuerzo y trabajo al sostenimiento de su relación concubinaria en igual proporción. (Enfasis nuestro)

2) Que la Sra. López se dedicaba a la costura y a las labores propias de una ama de casa y que sus conocimientos en el área comercial y de negocios eran escasos.

3) Que el causante era el comerciante llevando a cabo los trabajos típicos de administración de negocios pequeños y que contribuyó al bienestar del concubinato con la cantidad de $38,500.00 producto de su primer divorcio, un premio de la lotería y la venta de una propiedad en el Bo. Factor.

4) Que el causante compró el solar 159 de Víctor Rojas II de acuerdo con la escritura núm. 10 de ratificación de compraventa del 10 de julio de 1986. En este solar se construyó por mutuo esfuerzo de los concubinos el hogar de la pareja y un negocio conocido como el Naranjo.

5) Que existía un acuerdo de división de las ganancias entre el causante al causante y la Sra. López surgidas luego de restar los gastos operacionales de los negocios y manutención de la familia.

6) Que la Sra. López no le compró al causante su participación en los negocios mediante escritura núm. 16 del 12 de marzo de 1989, pues el pago de los $20,000.00 con los que alegadamente compró su participación nunca se efectuó. Tampoco se presento evidencia de cheque o instrumento negociable alguno que evidenciara el pago de los $20,000.00. (Enfasis nuestro)

7) Que surge de la escritura núm. 15 otorgada el 26 de mayo de 1995 que la codemandada Lillideth Alvarez López compró una propiedad en el solar núm. 160 de la manzana 8 de Víctor Rojas IIpor el precio de $30,000.00. En esta escritura, el notario no dio fe de haber visto en pago. Del testimonio de la Sra. Luz López surge que la mitad de ese dinero lo aportó ella y la otra mitad lo aportó Lillibeth. Ambas fueron incapaces de demostrar que el dinero utilizado para la compra fuese exclusivo de ellas. Tomando en consideración que Lillibeth no tenía fuente de ingreso, el tribunal concluyó que la otra mitad provino de los bienes del concubinato. (Enfasis nuestro)

8) Con referencia al alegato de que la parte demandante no utilizó a su testigo Guillermo Olmo, quedó claramente demostrado que la parte demandada, en su moción del 6 de abril del 2001, solicitó una citación para ese testigo la cual fue concedida mediante orden del Tribunal.

9) Las demandadas impugnaron su testimonio por mendacidad. Declararon que no reportaban dinero al fisco ni al Seguro Social. Igualmente, la Sra. Luz López declaró que había tratado de alegadamente *1052 defraudar la Corporación de Renovación Urbana y Vivienda. Añadió que algunas de las escrituras que se presentaron eran falsas y que ella se prestó para esa falsedad.” (Enfasis nuestro)
A base de esto, el Tribunal de Instancia resolvió que las propiedades anteriormente descritas fueron adquiridas o construidas con dinero producto del esfuerzo común de los concubinos en proporción de un 50% para cada uno y declaró Con Lugar la demanda.
Es de esta resolución que acude ante nos la apelante alegando los siguientes errores:

“PRIMER ERROR: Erró el tribunal de Instancia al determinar que en el caso de epígrafe no aplica la defensa de falta de parte indispensable.

SEGUNDO ERROR: Erró el Tribunal de Instancia al basar las determinaciones de hechos de la sentencia contrarias a la prueba desfilada.

TERCER ERROR: Erró el tribunal de Instancia en la aplicación de derecho al no activar la presunción de que prueba voluntariamente suprimida, resultaría adversa si se ofreciera (R. 16(5) de Evidencia).”

II
A
Como primer error, nos señala la parte peticionaria que erró el Tribunal de Instancia al no aplicar la defensa de parte indispensable. Entendemos que no le asiste la razón. Veamos.
La doctrina de parte indispensable establece que las personas' que~tuvieren un interés común sin cuya presencia no pueda adjudicarse una controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
A razón de esto, no se puede imprimir finalidad a la adjudicación de una controversia medular cuando, a las personas ausentes en un pleito, no se les ha brindado la oportunidad de salvaguardar unos derechos e intereses que podrían verse afectados. Aponte Caratini v. Román Torres, 145 D.P.R. 477 (1998). Este no es nuestro caso.
Surge de los autos que el causante Eugenio Alvarez Portalatín heredó, junto a otros cuatro hermanos, una propiedad destinada a vivienda perteneciente a su madre, la Sra. Asunción Portalatín.
Al momento de morir el causante Alvarez Portalatín, la referida propiedad no había sido partida ni adjudicada a los miembros de la sucesión Portalatín, por lo que la parte correspondiente al causante Alvarez Portalatín corresponde en derecho a sus herederos por derecho de representación. Artículo 887 del Código Civil, 31 L.P.R.A. sec. 2621. 
Mediante Moción Informativa del 23 de agosto de 2001, los demandantes en el caso de marras renunciaron a su derecho a representar a su padre en la herencia de su abuela, la Sra. Asunción Portalatín, quedando la demandada Lilibeth como la única con el derecho a representar a su causante, el Sr. Alvarez Portalatín.
El Código Civil de Puerto Rico establece en su artículo 943, 31 L.P.R.A. see. 2771, que la aceptación y repudiación de la herencia son actos enteramente voluntarios y libres. Es un acto irrevocable, sólo podrán ser impugnadas cuando adoleciese de algunos de los vicios que anulan el consentimiento, o apareciese un -testamento desconocido, (Artículo 951, 31 L.P.R.A. sec. 2779); y deberá hacerse en instrumento público o auténtico, o por escrito presentado a la sala competente del Tribunal Superior para conocer de la testamentaría o *1053 del ab intestato. (Artículo 962, 31 L.P.R.A. sec. 2790).
Conforme al derecho antes expuesto, la renuncia de los demandantes fue hecha de forma libre, voluntaria, irrevocable y mediante moción informativa reconocida por el Tribunal de Instancia; sólo resta que la demandada Lilibeth Alvarez López reclame en pleito independiente su derecho a representar a su padre en la herencia de su abuela, la Sra. Asunción Portalatín.
B
Como segundo error se señala que el Tribunal de Instancia hizo determinaciones de hechos contrarias a la prueba desfilada.
La determinación del Tribunal de Instancia estuvo basada en la prueba que tuvo ante su consideración y que consistió en el testimonio de Pedro Alvarez González, hijo del causante, Judith Rivera López, Lilibeth Alvarez López y Luz Virginia López.
Luego de examinada la prueba desfilada, el Tribunal determino lo siguiente:

“Es claro que las demandadas impugnaron su propio testimonio por mendacidad. Indicaron que no reportaban dinero al fisco ni al Seguro Social. Igualmente, la codemandada, Luz Virginia, indicó que había tratado de alegadamente defraudar a la Corporación de Renovación Urbana y Vivienda, Además, Luz Virginia alegó que algunas de las escrituras que se presentaron eran falsas y que ella se prestó para esa falsa. Todo esto mina y pone dudas sobre la veracidad del Testimonio de las demandadas.”

En cuanto a este error, este Tribunal no intervendrá en la apreciación de la prueba hecha por Instancia. Es reiterada doctrina de que en apelación o revisión los tribunales apelativos no alterarán las determinaciones de hechos del tribunal a quo basadas en prueba testifical, a menos que las mismas carezcan de base en la prueba o cuando se determine que existió pasión, prejuicio, parcialidad. Pueblo v. Irizarry Irizarry, Op. 10 de mayo de 2002, 2002 J.T.S. 62; Pueblo v. Maisonave Rodríguez, 129 D.P.R. 49 (1991); Pueblo v. Cabán Torres, 117 D.P.R. 645 (1986).
Corresponde al tribunal sentenciador aquilatar la prueba testifical ofrecida y dirimir su credibilidad, tal y como ocurrió en este caso. En razón de ello, nuestro Tribunal Supremo ha establecido que en asuntos de credibilidad de la prueba se concederá gran deferencia a las determinaciones de hechos efectuadas por los tribunales de instancia, pues es el Juez de Instancia quien observa la actitud de los testigos, su forma de declarar, sus gestos, y en general, su conducta al prestar declaración. Pueblo v. Torres Rivera, 137 D.P.R. 630 (1994); Castro v. Meléndez, 82 D.P.R. 573 (1961).
C
Como tercer error se nos plantea que el Tribunal de Instancia no activó la presunción de que prueba voluntariamente suprimida resultaría adversa si se ofreciera.
La Regla 16 de Evidencia, 32 L.P.R.A. Ap. IV, R. 16, establece como una presunción específica en su inciso 5 que toda evidencia voluntariamente suprimida resultará adversa si se ofreciere. Rivera Aguila v. K-Márt de P.R., 123 D.P.R. 599, 612 (1989); P.N.P. v. Rodríguez Estrada, Pres. C.E.E., 123 D.P.R. 1, 31 (1988).
Surge de los documentos en autos que anunciado y ofrecido como prueba el testimonio del Sr. Guillermo Olmo por la parte demandante-apelada, los demandados apelados solicitaron citar al testigo para tomarle una deposición, lo cual concedido mediante orden por el tribunal.
El testimonio del Sr. Guillermo Olmo fue suprimido por los demandantes, lo que ciertamente activó la *1054 presunción de la Regla 16 de Evidencia. No obstante, en esa presunción quedó rebatida, ya que los demandados tuvieron a su disposición al Sr. Olmo para interrogarlo y no lo hicieron.
III
En mérito de lo antes expresado, se deniega el auto solicitado.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIO 2004 DTA 52
1. Llámase derecho de representación el que tienen los parientes legítimos o naturales legalmente reconocidos de una persona para sucederle en todos los derechos que tendría si viviera o hubiera podido heredar.