ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **WILFRIED ERICH LEAMMON**<br><br>Apelante<br><br><br>v.<br><br><br>**JENNIFER ANN LEAMMON**<br><br>Apelado | TA2025AP00323 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Aguadilla**<br><br><br>Civil Núm.: **AG2025RF00496**<br><br>Sobre: Custodia – Monoparental o Compartida |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2025.

Comparece ante nosotros, mediante un recurso de apelación, el señor Wilfred Erich Leammon (en adelante, "apelante" o "señor Leammon"). Solicita la revocación de una *Sentencia* pronunciada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, "TPI", "foro primario" o "foro apelado") el 2 de septiembre de 2025 y notificada y archivada en autos el 3 de septiembre de 2025. Mediante esta, el foro primario determinó que no procedía el auto de *habeas corpus* solicitado por el señor Leammon por haber otros remedios disponibles en ley.

Por los fundamentos que expresaremos a continuación, se **confirma** la *Sentencia* apelada.

**I.**

El 29 de julio de 2025, el señor Leammon presentó una *Urgente Solicitud de Habeas Corpus / Urgent Request for Habeas Corpus* mediante la cual arguyó que su exesposa, la señora Jennifer Ann Leammon (en adelante, "señora Leammon" o "apelada"), extrajo

a su hija menor de la jurisdicción de Puerto Rico hacia el estado de Idaho, Estados Unidos, sin este haber prestado su consentimiento; por lo cual, se le privó ilegalmente de la patria potestad de la menor. Asimismo, expresó preocupación por el bienestar físico y emocional de su hija. Precisó que los excónyuges llegaron y se establecieron en Puerto Rico en 2018, y que estos se divorciaron mediante escritura pública el 26 de febrero de 2021. Pormenorizó que los excónyuges estipularon la patria potestad y custodia compartida de la menor mediante una declaración jurada ante la Lcda. Waleska Vélez Ortiz.

La señora Leammon contestó la solicitud de *habeas corpus* el 25 de agosto de 2025 mediante dos mociones. En síntesis, alegó que no procedía la solicitud incoada por el señor Leammon porque no se le había privado de su patria potestad y debido a que la menor deseaba vivir con su progenitora durante su adolescencia. Además, enfatizó que el apelante incurrió en maltrato físico y emocional contra la menor.

Por ello, el foro apelado celebró una vista el 27 de agosto de 2025. Consecuentemente, el 2 de septiembre de 2025, el foro primario pronunció una *Sentencia* mediante la cual denegó el auto solicitado. Indicó que existen otros remedios en ley y, además, el señor Leammon no cumplió con los requisitos y criterios establecidos para el proceder del petitorio. El TPI hizo hincapié en el hecho de que el remedio adecuado es la radicación de un pleito ordinario de custodia y, además, que la expedición de un auto de *habeas corpus* ha de limitarse a situaciones excepcionales. Por ello, el foro apelado entendió que las alegaciones generalizadas sobre su preocupación por la seguridad y el bienestar de la menor presentadas por el señor Leammon resultan insuficientes para sustentar su expedición, debido a que no se evidenció que la menor estuviese secuestrada o que se le haya privado de la patria potestad al apelante.

En desacuerdo con la determinación del foro primario, el señor Leammon acudió ante esta Curia el 8 de septiembre de 2025 y señaló que el TPI cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al emitir el auto de Habeas Corpus.

> Erró el Tribunal de Primera Instancia al determinar que existen otros remedios procesales que garantizan el mejor bienestar de la menor y no revindicar los derechos constituciones del progenitor.

La señora Leammon presentó su *Alegato de la Apelada y Oposición a la Apelación* el 25 de septiembre de 2025.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

El *habeas corpus* es un recurso extraordinario que viabiliza la investigación de las razones por las cuales una persona ha sido privada de su libertad. *Código de Enjuiciamiento Criminal de Puerto Rico, Edición de 1935*, 34 LPRA sec. 1741.

Este recurso civil faculta a un progenitor a cuestionar judicialmente la privación de custodia de sus hijos menores. *Castro v. Meléndez*, 82 DPR 573, 575-576 (1961); *Pratt v. Reuter*, 79 DPR 962, 977-978 (1957). Para esto, el peticionario ha de demostrar que ostenta el derecho a la custodia del menor y que, en respuesta a su interés óptimo, su custodia debe ser adjudicada. *Castro v. Meléndez*, supra, pág. 577*; Centeno Alicea v. Ortiz,* 105 DPR 523, 527 (1977); *Chabert v. Sánchez*, 29 DPR 241 (1921). La custodia de los menores de edad, como regla general, corresponde a los progenitores con patria potestad, o a la persona o entidad a la cual el tribunal haya encargado la tenencia del menor. 31 LPRA secs. 383 y 591.

Luego de la presentación de un recurso de *habeas corpus*, el foro primario debe determinar si, de su faz, este procede; de contestar en la afirmativa, se debe expedir a la mayor brevedad posible. 34 LPRA sec. 1744. Como cualquier recurso extraordinario,

este debe emplearse solo en circunstancias realmente excepcionales y ceñirse a situaciones que verdaderamente lo requieran. *Ortiz v. Alcaide Penintenciaria Estatal*, 131 DPR 849, 861 (1992). Por ello, nuestro Más Alto Foro ha dictaminado que, al menos que operen circunstancias insólitas, no ha de concederse el auto de *habeas corpus* y se deben acudir a los otros remedios ordinarios disponibles. *Otero Fernández v. Alguacil*, 116 DPR 733, 740 (1985); *Rabell v. Alcaides Cárceles de P.R.*, 104 DPR 96, 101-102 (1975). Es decir, se deben denegar las peticiones de *habeas corpus* que intentan rebasar los remedios ordinarios sin justa causa para ello.

El Tribunal Supremo enumera ciertos factores a considerar, además de la disponibilidad de un remedio efectivo de revisión para impedir la perduración de la detención ilegal: (1) que ha habido una violación patente a un derecho constitucional fundamental; (2) que ese derecho no ha sido renunciado válidamente, y (3) que existe la necesidad de una vista. *Otero Fernández v. Alguacil*, supra, págs. 740-741; *Quiles v. Del Valle*, 167 DPR 458, 468 (2006).

Cuando se intente viabilizar un procedimiento de *habeas corpus* para cuestionar la privación de custodia de un menor, "la función del tribunal **no se limita a considerar el derecho del peticionario a la custodia, sino que *tiene* que considerar el bienestar y la conveniencia del menor o menores cuya custodia se reclama**". *Marín v. Serrano Agosto*, 116 DPR 603, 605 (1985), citando a *Castro v. Meléndez*, supra, pág. 576. (Énfasis suplido).

### III.

En este caso, debemos resolver si el TPI actuó correctamente al declarar no ha lugar a la solicitud de *habeas corpus* incoada por el señor Leammon.

Luego de celebrada la audiencia, el foro primario resolvió que el apelante no satisfizo los criterios y requisitos establecidos para la expedición de un auto de *habeas corpus*. El foro apelado puntualizó

que la estipulación sobre la patria potestad y la custodia compartida de la menor no ha sido ratificada ante el tribunal, por lo cual no existe un decreto judicial sobre la custodia; la estipulación no equivale a un decreto judicial en los méritos sobre ese asunto. Asimismo, destacó que la procedencia de un auto de *habeas corpus* en casos de custodia se restringe a situaciones verdaderamente excepcionales; solo así, pueden rebasar el acudir a los remedios ordinarios. El TPI trazó que las alegaciones generalizadas del señor Leammon sobre su preocupación por la seguridad y bienestar de la menor no son suficientes para determinar que esta se encuentra en algún peligro. Perfiló que el alegado secuestro de la menor por parte de la señora Leammon no fue probado mediante la evidencia provista. Por ello, procedería recurrir al remedio ordinario disponible en ley.

En su apelación, el señor Leammon arguye que el TPI erró al no emitir el auto de *habeas corpus* y al pronunciar que hay otros remedios en ley.

Por su parte, la señora Leammon alega que el apelante no agotó todos los remedios ordinarios disponibles para que el TPI adquiriere jurisdicción sobre la menor. Por ello, enfatiza que no se probaron las circunstancias excepcionales requeridas para la expedición del auto de *habeas corpus* y, por ende, la apelación es improcedente.

Tras evaluar la totalidad del expediente, no encontramos motivo alguno para interferir con la apreciación realizada por el TPI. Coincidimos con el foro primario en que no procede autorizar la expedición del auto de *habeas corpus* porque no se probó que la menor se encontrase en una situación anómala que lo ameritara y debido a que existe un remedio ordinario en ley al cual puede recurrir el apelante. Las alegaciones generales del señor Leammon

no fueron sustentadas por la evidencia presentada. Por ello, procede que confirmemos al foro apelado.

**IV.**

Por los fundamentos antes esbozados, ***confirmamos*** la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones