Ex parte Chabert, Peticionario y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en recurso de *habeas corpus.*

No. 2729.—Resuelto en junio 9, 1922.

*Habeas Corpus*—Devolución para Ulteriores Procedimientos—Hechos Declarados Probados por la Corte Suprema.—Cuando a virtud de una cuestión de hecho esta corte devuelve un caso a la corte inferior para ulteriores procedimientos, en ausencia de prueba ulterior los hechos declarados probados por esta corte son concluyentes para las partes.

ID.—PATRIA POTESTAD—CAPACIDAD DEL PADRE.—Pueda o no ser materia de consideración en *habeas corpus* la cuestión relativa a la capacidad del padre, cuando la prueba no indica incapacidad sino que tiende a demostrar lo contrario, no podrá existir duda alguna respecto al derecho que tiene un padre a la custodia de su hijo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Acosta Velarde.*

Abogado del recurrido, Felipe Sánchez Osorio: *Sr. E. Acuña Aybar.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es la segunda vista de este caso. La corte en la vista anterior resolvió unánimemente que la paternidad de la niña Nancy había sido probada y por voto de la mayoría devolvió el caso a la corte inferior para ulteriores procedimientos no incompatibles con la opinión. *Chabert* v. *Sánchez*, 29 D. P. R. 241. La idea del tribunal fué evidentemente como lo demuestra la opinión, el permitir a las partes someter a prueba la cuestión de qué era lo que requería el bienestar de la niña, pero no que se levantase ninguna cuestión sobre su paternidad. El caso fué devuelto a la corte inferior. El apelado no hizo enmiendas a sus alegaciones. El peticionario quizás necesariamente no presentó ninguna cuestión sobre esto y no promovió ninguna otra respecto al derecho de la corte a resolver sobre la custodia de la niña según su bienestar mismo pudiera exigirlo. En estas condiciones las partes fueron a la corte con la ley del caso establecida para ellos y la cuestión litigiosa que entonces se presentaba era la de los mejores intereses de la niña. Examinemos, pues, el caso como ha sido desarrollado.

Originalmente el padre de Nancy pasó la custodia a otra persona y nada hizo por recuperarla por varios años. Era el caso de un joven matrimonio avergonzado de un alumbramiento que ocurre poco tiempo después del matrimonio que trató de ocultar el hecho ante el mundo. Pero ellos han sido castigados, han sufrido y están arrepentidos. Han he-

cho más. Han hecho franca confesión ante el mundo y la madre de la niña vino a la corte y fué a la silla de testigos haciendo así sentir su situación y natural reclamación. La niña tiene siete años de edad y este procedimiento fué iniciado hace dos o tres años. Hasta la fecha del juicio y por algunos años antes el padre y su esposa, de excelentes relaciones sociales habían llevado una vida ejemplar. El padre está enteramente capacitado para sostener a la niña y la prueba muestra que es persona de condiciones normales con todas las presunciones a su favor, con excepción de su primer acto al dejar a la niña fuera de su hogar natural. Esta es una debilidad que ocurrirá a veces cuando nace un niño fuera de matrimonio o tan pronto después del matrimonio. La madre declaró que había temido a la actitud de su misma madre y de su padrasto, pero los autos parecen revelar que era más bien el acto del joven padre para proteger a su esposa, que no el acto de la segunda. La madre estuvo enferma y achacosa durante los primeros años de esta niña. Fué al hospital a sufrir una operación, creía que iba a morirse y anhelaba ver a su primer hijo. Mientras tanto este joven matrimonio había tenido otro hijo y probado su capacidad para cuidar a los hijos.

Cuando se trata de la posesión de un niño de corta edad las pasiones se enardecen furiosamente y los hombres y las mujeres serán capaces de hacer y procurarán hacer cosas contra las cuales ordinariamente se sublevarían sus mejores instintos. De ningún otro modo nos explicamos las actuaciones del demandado en este caso. El y su esposa sienten un profundo afecto por Nancy y probablemente por ella sacrificarían su vida. Le han dedicado años de atenciones y la cuidarían bien según su modo de ver. Pero el demandado no ha mostrado una disposición muy generosa hacia el peticionario y su esposa. Los autos nos convencen que el apelado creyó o tuvo motivo para creer que Augusto de Chabert era el padre de Nancy. En verdad que el apelado

toleró las visitas del joven matrimonio hasta poco antes de iniciarse este pleito. Después de haber esta corte declarado unánimemente que el peticionario era el padre de la niña y de ser devuelto el caso para ulteriores procedimientos no incompatibles con la opinión, existía poca razón para dudar de la paternidad si en realidad de verdad el apelado dudó alguna vez de ella. Llevada la niña al juicio su declaración mostraba que había sido sugestionada. Interrogada sobre sus relaciones con su hermanito, a quien al parecer había visto antes, negó tal hecho y entonces y de repente, manifestó voluntariamente que deseaba quedarse con sus padres de crianza.

Todos convenimos en que la presunción natural en la sociedad es que se atiende mejor al bienestar de un niño poniéndolo o dejándolo con sus propios padres. El que suscribe ha sido de opinión de que no se levantó debidamente la cuestión referente al bienestar de la niña. Dos de los miembros de esta corte son de opinión de que en un procedimiento de *habeas corpus* no puede investigarse sobre el bienestar de un niño y el que suscribe tiene ciertas dudas, pero somos todos de opinión de que no existen ahora verdaderas razones que pudieran militar en contra de la expedición del auto. En la hipótesis de que la conducta del padre pudo haber desempeñado un papel para privarle de la *patria potestad* esa razón no existe hoy. Asumiendo que puede investigarse sobre la custodia de un niño a virtud de un auto de *habeas corpus,* existen ahora motivos para devolver la custodia de Nancy a sus padres. En relación con esto último podemos agregar que es mejor, que al crecer, no tenga que extrañarse por qué es que se encuentra ella en situación distinta a la de cualesquiera otros niños en la sociedad. En oposición a estas consideraciones no debe permitirse que prevalezcan la mejor condición económica de un extraño y la alegada preferencia de la niña.

Debe revocarse la sentencia y devolverse la niña al peticionario.

> *Revocada la resolución apelada y ordenada la*
> *entrega de la niña al peticionario, sin espe-*
> *cial condenación de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.