NEMESIO BABÁ, querellante y apelante, *v.* CRISTINA RODRÍGUEZ DE CANTRE, querellada y apelada.

No. 3991.—*Visto:* Diciembre 14, 1926. *Resuelto:* Marzo 25, 1927.

1. HABEAS CORPUS—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—CUESTIONES A CONSIDERAR Y RESOLVER—CUSTODIA DE UN MENOR—EN GENERAL—BIENESTAR DEL MENOR.—El bienestar de un niño puede ser investigado en un procedimiento de *habeas corpus.*

2. HABEAS CORPUS—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—CUESTIONES A CONSIDERAR Y RESOLVER—CUSTODIA DE UN MENOR—EN GENERAL.—Cuando una niña, casi una mujer, voluntariamente abandona la casa de su padre para refugiarse en la de su abuela, ésta no puede ser compelida, mediante *habeas corpus,* para que la restituya y entregue a su padre, no estando la niña privada de su libertad en el concepto de la ley.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), declarando sin lugar petición de *habeas corpus,* con costas. *Confirmada.*

*Dubón & Ochoteco,* abogados del apelante; *Carmelo Honoré* y *R. A. Martínez,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de un procedimiento de *habeas corpus* entablado por Nemesio Babá para recobrar la posesión de su hija legítima. En oposición a sus pretensiones, la prueba tendió fuertemente a demostrar que su hija, de 16 años de edad, voluntariamente abandonó la casa de su padre para refugiarse en la de su abuela materna; que el comportamiento general y la conducta del padre hacia su hija eran de naturaleza tan corrupta que no debía tener la custodia de su hija. La corte así lo declaró y resolvió que el bienestar de la niña requería que se le dejara al lado de su abuela.

El peticionario y apelante por ahora no ataca los hechos según fueron apreciados por la corte inferior. Va mucho más lejos. Aún admite que si los hechos fueran ciertos, se le debería privar de la patria potestad, pero insiste en que no se le puede privar del derecho de tener la custodia de su hija sin que antes se le prive de tal derecho de patria potestad; que tan sólo se le puede privar de este derecho mediante un procedimiento entablado con tal fin, y que tal derecho no puede ser determinado o examinado en un procedimiento de *habeas corpus*. Esto necesariamente envuelve la contención de que el peticionario tiene un derecho permanente a la custodia de su hija; que el recurso de *habeas corpus* debe servirle para obtener dicha custodia, y que no puede levantarse otra cuestión en este caso que la referente a la existencia del derecho de patria potestad.

El artículo 236 del Código Civil dispone como sigue:

"Los tribunales podrán privar a los padres de la patria potestad, o suspender el ejercicio de ésta, si trataren a sus hijos con dureza excesiva, o si les dieren órdenes, consejos o ejemplos corruptores, nombrando en su lugar un tutor, con arreglo a la ley, para las personas de los hijos. En estos casos, deberán también privar a los

padres de la administración y usufructo de los bienes del hijo, y adoptar las providencias que estimen convenientes a los intereses de éste.''

Admitiendo que este artículo sea aplicable solamente en un procedimiento directo en que el padre es el demandado, de ningún modo se desprende que la custodia de un hijo deba concederse inevitablemente al radicarse un recurso de *habeas corpus.* En este caso se trata de una niña de 16 años que prefiere permanecer al lado de su abuela, quien está en condiciones de poder sostenerla, y con quien la niña estará decididamente mejor. Se ha demostrado que el padre no es la persona propia para tener la custodia de la niña. El bienestar de la niña exigiría que se le dejara al lado de su abuela.

[1] El apelante mismo entabló este recurso. Si bien el juez que suscribe, en el caso *Ex-parte Chabert,* 30 D.P.R. 765, expresó algunas dudas, éste es el caso llamado a disipar dudas, y ha llegado a la conclusión de que en Puerto Rico Rico el bienestar de un niño puede ser investigado en un procedimiento de *habeas corpus* entablado por el padre. No hay nada en ningún código en Puerto Rico que impida tal determinación. Un tribunal es el *parens patriae* y puede cuidar de los intereses de un niño y protegerlo. Resultaría penoso hacer que esta niña volviera al lado de su padre, aunque fuese temporalmente.

La acción de la corte inferior fué desestimar el recurso. Aún si tuviéramos dudas de si el bienestar esencial de un niño pudiera o no investigarse en un procedimiento de *habeas corpus,* sin embargo, no revocaríamos la sentencia de la corte inferior. El Título XII, en sus artículos 469 *et seq.* del Código de Enjuiciamiento Criminal prescribe el procedimiento de *habeas corpus.* El artículo 469 lee como sigue:

''Cualquiera persona que por cualquier pretexto sea encarcelada

o ilegalmente privada de su libertad, puede solicitar un auto de *habeas corpus* a fin de que se investigue la causa de dicha prisión.''

[2] La niña no está encarcelada o privada de su libertad dentro del espíritu de este artículo. Siendo una mujer o casi una mujer, voluntariamente buscó su actual albergue. El artículo 480 dispone lo siguiente:

''En la vista del auto diligenciado, podrá la persona traída ante el tribunal o juez, negar o contradecir cualquiera de los hechos o acusaciones mencionados en las diligencias del auto, impugnando la suficiencia de los mismos, o alegar cualquier hecho para demostrar que su prisión o detención es ilegal, y que tiene derecho a su excarcelación. El tribunal o juez procederá sumariamente a oir las pruebas que se aduzcan contra la prisión o detención, o en favor de la misma, y decidirá sobre el asunto como lo exija la justicia del caso, teniendo amplios poderes y autoridad bastante para obligar a los testigos a comparecer ante el tribunal, o arrestarlos en el caso contrario y para ejecutar todos los demás actos y diligencias necesarios a fin de resolver con arreglo a derecho.''

No se puede hacer uso del recurso para cometer una injusticia. Los casos de *Yon v. Gómez,* 14 D.P.R. 698, y *Le Hardy v. Acosta,* 18 D.P.R. 450 son aplicables a las consideraciones que anteceden. En el primero de dichos casos dijimos lo siguiente:

''. . . no es el recurso de *habeas corpus* medio establecido por la ley para castigar la rebeldía de la hija obligándola a volver a la casa de sus padres. El demandado Lorenzo Gómez no puede ser compelido a que restituya y entregue dicha joven a su padre demandante, pues de las pruebas no resulta que la tenga bajo su custodia, ni que la obligue a vivir en su compañía restringiendo su libertad.

''La joven cuenta de 18 años, y no cabe presumir o suponer que cual niña de corta edad obre inconscientemente y pueda haber en sus actos privación o limitación de libertad.''

Si bien la abuela tiene la custodia de la niña, ella no le está privando de su libertad u obligándole a vivir a su lado.

"La justicia del caso" exige que la niña se deje al lado de su abuela, y *la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Aldrey disintió.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.