ESTEBAN MORALES, peticionario y apelado, *v.* EUSTAQUIA VILLALBA, demandada y apelante.

Núm. 7686.—*Sometido:* Junio 3, 1938. *Resuelto:* Julio 6, 1938.

*José Veray, Jr.,* y *Salvador Veray Barreda,* abogados de la apelante; *Juan J. García Añeses,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Éste es un recurso de hábeas corpus radicado por el padre para recobrar la custodia de su hija. La Corte de Distrito de Aguadilla lo falló en su favor. Haremos un resumen de los hechos, extraído de la opinión de la corte inferior.

Esteban Morales interesaba la custodia de su hija Amanda Morales alegando que ella se encontraba injustamente detenida por su tía Eustaquia Villalba; que, según él alegó, dicha tía carecía de autoridad para retener la niña y que el peticionario había intentado directamente y por mediación de otros, de llevarse a la hija a su casa, pero sin éxito alguno. Hizo además otras alegaciones que no tienen importancia.

Luego de declararse sin lugar una excepción previa se radicó una contestación en la cual entre otras cosas se negaba la supuesta detención injusta; que el peticionario hubiese solicitado la custodia de la menor directa o indirectamente, y también otras aseveraciones poco importantes de la demanda. La contestación entonces alegaba que la niña era hija de una hermana de la demandada; que quince días después de su nacimiento el padre había abandonado a dichas esposa e hija dejándolas en la miseria; que la menor continuó viviendo con su madre, quien la mantuvo con la ayuda de los tíos de la niña, de la demandada y de Francisco Villalba, estableciéndose una situación que duró hasta la muerte de la madre en el 1932; que ésta en sus últimos años recomendó la custodia de su hija a la demandada; que después de la muerte de la madre la niña, con la ayuda de un tío, fué cuidada por la tía, quien la trató con el mismo cariño y desinterés de una madre; que el peticionario nunca se ocupó de su hija ni le suministró alimentos, atención médica o facilidades educativas; que la menor, desde que murió su madre sólo tuvo como protectores a sus tíos, la demandada y Francisco Villalba; que la menor se opuso tenazmente a vivir con su padre; que tía y sobrina se quieren entrañablemente; que el padre ha vivido con varias mujeres de mala reputación, y, de acuerdo con ciertos informes, se casó con su última concubina, y que no era una persona que mereciera tener la custodia de una menor; y que sería cruel separar a la niña de su ambiente actual.

La corte halló que Amanda Morales era la hija natural reconocida del peticionario; que la madre había muerto hacía

4 ó 5 años; que el peticionario tenía el derecho indiscutible a la patria potestad sobre la menor; que Esteban Morales era hombre joven, fuerte y saludable, y un buen carpintero; que ganaba suficiente dinero para cuidar a la niña; que había vivido en concubinato con María Sus, pero que había legalizado dicho *status* por la vía matrimonial; que su conducta en la comunidad había sido siempre buena; que estaba residiendo en el mejor vecindario de Aguadilla, bastante sobre el nivel del mar; que la tía por el contrario se encontraba residiendo en la parte menos deseable de Aguadilla; que aunque la tía vivía en concubinato, tanto ella como su compañero eran personas excelentes, según le constaba personalmente al juez; que ambas partes se encontraban más o menos en la misma situación económica, con la sola ventaja para el peticionario de que la demandada tenía tres hijos. Luego dijo la corte:

"La niña al declarar, entre otras cosas, manifestó que no quería a su padre, lo que es el resultado de la influencia moral a que vive sometida, ya que de la prueba de la demandada y de la manera de declarar ella y sus testigos, la Corte ha tenido que llegar a la conclusión de que por antiguos resquemores y pasadas contumelias odian cordialmente al demandante hasta el punto de oponerse a que mantenga las naturales y legales relaciones que deben calorizar el afecto entre padre e hija.

"Hemos llegado a la conclusión de que es una verdadera inhumanidad que tal situación pueda perseverar; que no se deba desnaturalizar, por así decirlo, a una niña a tan tierna edad insuflándole sentimientos de repulsión contra el padre que la quiere y que la reconoció días después de haber nacido; que esta hostilidad de la tía y de su conviviente hacia el demandante es la causa probable y próxima de que el padre no le hubiera prestado a la hija mayores subsidios que los que hasta la fecha le ha prestado.

"Ahora bien, la única circunstancia que podría redundar en perjuicio de la niña sería la de que viviendo con el padre en el campo se le hiciera menos fácil su asistencia a la escuela pero como él se ha comprometido a llevarla personalmente y siendo cierto, como así lo estimamos, el cariño de la tía hacia la niña, podría ponerse perfectamente de acuerdo con el peticionario, a fin de que la menor almorzara en casa de aquélla, con lo que se obtendría además la feliz

coyuntura de que continuaran manteniéndose, día a día, las relaciones de familia.

"El Tribunal entra en este terreno porque no ignora que actúa a nombre del Estado como *parens patriae,* de que está ejerciendo una tutela especial que pudiéramos llamar tutela eminente sobre la niña Amanda Morales.

"El hecho de que su tío Francisco Villalba, como se desprende de la prueba, haya ayudado a esta niña no impide que si realmente la quiere la siga ayudando, no embargante haber cambiado la situación.

"Por el resultado de la prueba y a virtud de las consideraciones apuntadas, estimamos que la menor Amanda Morales se beneficiaría yendo a vivir con su padre por haberse demostrado que económicamente puede atenderla y está en condiciones de llevar a cabo la prestación de alimentos que determina la ley, así como dirigirla de un modo recto en el terreno moral, por lo que la Corte resuelve convertir en definitivo su auto preliminar, concediendo, como concede al peticionario Esteban Morales, la guarda y custodia de la persona de su hija reconocida Amanda Morales, sin perjuicio de tomar las medidas que las circunstancias en lo venidero aconsejaran."

La apelante sostiene que el bienestar de la niña requiere que ella continúe con su tía, y sus abogados citan los casos de *Chabert* v. *Sánchez,* 29 D.P.R. 241, 249; 12 R.C.L. 1215; *Babás* v. *Rodríguez,* 36 D.P.R. 504; que la menor no quiere abandonar a su tía y que es un error trasladar la niña de una situación segura a una incierta.

Nosotros, sin embargo, nos sentimos obligados a respetar la discreción del juez de distrito, especialmente dado el hecho de que él conocía bien a la demandada. No encontramos nada en los casos citados ni hallamos que la evidencia sea suficiente para derrotar el derecho del padre. Además, la niña tiene ciertos derechos legales contra el padre que no tiene contra su tía. El segundo caso de Chabert indica cuándo los padres pueden merecer el derecho a la custodia de un hijo. *Ex parte Chabert* 30 D.P.R. 765, 766.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Travieso y De Jesús no intervinieron.