JUAN RAMÓN RODRÍGUEZ, demandante y apelante, *v*. NILDA ESTRELLA GERENA, demandada y apelada.

Número 11064.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 8 de febrero de 1954.

*José Veray, Jr.*, abogado del apelante; *Luis A. Garrastegui*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

El aquí apelante obtuvo sentencia de divorcio contra su esposa por la causal de abandono. En dicha sentencia, dictada por el Tribunal Superior, Sala de Aguadilla se le conce-

dió al demandante la patria potestad sobre una hija menor, y la custodia de la misma a la demandada; se condenó al demandante a proveer a ésta de cierta suma de dinero para alimentos de la hija, y se le impuso a dicha demandada el pago de las costas, pero no así el de honorarios de abogado. Apeló el demandante de los pronunciamientos que les fueron adversos, y de que no se condenara a la demandada al pago de honorarios. Sostiene que el tribunal a quo erró, *primero*, "al ordenar que la custodia de la hija . . . quedara a favor de la demandada", y al condenarle a suministrar a ésta $5 semanales para alimentos de la menor, *segundo*, al no condenar a la demandada al pago de honorarios de abogado.

No cometió el tribunal a quo el error que se le atribuye en el primer señalamiento. Arguye el apelante que como el artículo 107 del Código Civil, ed. 1930, según fué enmendado por la Ley número 3 de 21 de marzo de 1947 (debió referirse a la Ley 112 de 1950), prescribe que en todos los casos de divorcio "los hijos menores serán puestos bajo el cuidado y patria potestad de la parte que lo hubiese obtenido . . .", la corte sentenciadora no podía confiar a la madre la custodia de la hija, ni condenar al demandante a darle dinero para alimentos.

La disposición del Código Civil invocada por el apelante no destruye o restringe el poder de los tribunales para adoptar las medidas necesarias en cuanto a la custodia de los hijos menores, con el fin de lograr y proteger su bienestar y sus mejores intereses. *Cronin* v. *Cronin*, 16 S.2d, 714, 715, 716, 717 (Ala.); *Mott* v. *Mott*, 232 N. W. 184 (Mich.); *In re Knott*, 126 N. W. 1040, 1043, (Mich.). No obstante tales disposiciones, una corte de justicia en el ejercicio del poder de *parens patriae*, tiene autoridad para darle la custodia de tales hijos a la parte perdidosa en acción de divorcio, si se le demuestra que es esa la medida más conveniente para ellos. Dichas disposiciones expresan una norma general, que está

subordinada a la regla de que la consideración primordial es el superior interés público del bienestar de los hijos, de "mucha más importancia que cualquier derecho correlativo" a la custodia. *Chabert* v. *Sánchez*, 29 D.P.R. 241, 253. La interpretación que les da el apelante nos llevaría al absurdo de que indefectiblemente habría que confiar la custodia al cónyuge victorioso, aun cuando el tribunal estuviera convencido de que ello redundaría en perjuicio de los hijos, y tendría el efecto de revocar la doctrina sabiamente establecida por este Tribunal desde hace muchos años, y que ahora reafirmamos, de que el derecho a la custodia está necesariamente subordinado al ejercicio por las cortes del poder de *parens patriae*. *Babá* v. *Rodríguez*, 36 D.P.R. 502, 504; *Ex parte Maldonado*, 42 D.P.R. 867, 869; *Chardón* v. *Corte*, 45 D.P.R. 621, 624, 625; *Chabert* v. *Sánchez*, supra.

Aunque lo que sostiene el apelante es que por el solo hecho de haber obtenido el divorcio, el tribunal a quo estaba obligado a confiarle el cuidado de la niña, hemos examinado la transcripción de la evidencia para determinar si dicho tribunal abusó de su discreción al disponer en la sentencia que aquélla habría de quedar bajo el cuidado de la demandada, toda vez que no puede privarse caprichosa o arbitrariamente al cónyuge victorioso en acción de divorcio, de la custodia de los hijos menores, y somos de opinión que no existe razón alguna para alterar la conclusión de dicho tribunal que tuvo por fundamento la corta edad de dicha niña—no había cumplido dos años cuando se dictó la sentencia en 20 de febrero de 1953—así como otras circunstancias que a su juicio demostraron que era conveniente para el bienestar de la misma que su cuidado le fuera confiado a la madre. Es doctrina general que el tribunal de apelación no modificará la determinación de una corte sentenciadora sobre la custodia de hijos menores, a no ser que tal determinación se deba a un claro abuso de discreción. 2 Nelson, *Divorce and Annulment*, 2da. ed. pág. 257.

Por ser obviamente frívola no requiere discusión la contención del apelante de que la corte a quo erró al condenarle a proveer a la demandada de $5 semanales para alimentos de la menor.

En cuanto al segundo señalamiento de error lo único que sostiene el apelante es que habiéndose dictado sentencia a su favor, el tribunal a quo debió condenar a la demandada al pago de honorarios de abogado. Se condena al pago de tales honorarios cuando la corte sentenciadora llega a la conclusión que la parte perdidosa ha actuado con temeridad. Como en este caso la demandada no fué condenada a pagarlos, debemos presumir que dicha corte no encontró que hubiera actuado temerariamente.

*La sentencia apelada deberá ser confirmada.*