ULISES FIGUEROA MOLINA, peticionario, *v.* LYDIA E. COLÓN IRIZARRY, recurrida.

Números: CE-94-361    Resueltos: 3 de junio de 1994
          MC-94-13

*Edna Ivonne Beltrán Silvagnoli,* abogada del peticionario; *Diana Franceshi Román,* abogada de la recurrida.

## SENTENCIA

### I

Acude ante nos el Sr. Ulises Figueroa Molina para que revisemos una resolución dictada por el Tribunal Superior, Sala de Bayamón, que determinó que su hija —la menor Bibiana Figueroa Colón— permanecería provisionalmente bajo la custodia de su madre —la Sra. Lydia E. Colón Irizarry— quien es la excónyuge de aquél.

### II

Mediante Sentencia de 25 de junio de 1993 el Tribunal Superior, Sala de Bayamón, decretó roto y disuelto, por la causal de consentimiento mutuo, el vínculo matrimonial existente entre el señor Figueroa Molina y la señora Colón Irizarry. Durante el matrimonio, las partes procrearon dos (2) hijos, específicamente un varón de nombre José Ulises y una niña de nombre Bibiana, quienes actualmente tienen

ocho (8) y cinco (5) años, respectivamente. En virtud de las estipulaciones hechas durante el trámite del divorcio, se acordó que el padre tendría al varón bajo su custodia, mientras que la madre ejercería la custodia sobre la hija. No obstante a ello, el señor Figueroa Molina, por mutuo acuerdo, tuvo bajo su custodia a la menor desde agosto de 1993 hasta diciembre de ese mismo año. La niña permaneció durante estos meses con su padre debido a que la señora Colón Irizarry, al no poseer un automóvil, no podía llevarla al colegio y recogerla una vez concluidas las clases. Finalizado el primer semestre del Año Escolar 1993-1994, la señora Colón Irizarry consiguió un empleo y compró un carro, pasando la menor a su custodia desde ese momento.

El 4 de mayo de 1994 el señor Figueroa Molina presentó una moción mediante la cual solicitó un cambio de custodia y arguyó que en pro del bienestar de la menor debía conferírsele la custodia a él. Adujo que la señora Colón Irizarry dejaba a la menor bajo el cuidado de una mujer homosexual quien, a su vez, era la amante de su ex esposa. Además, alegó que la señora Colón Irizarry estaba desequilibrada y que no le brindaba a su hija una vida familiar, poniendo en peligro de esta manera la vida emocional de ésta.

El 10 de mayo de 1994 la señora Colón Irizarry presentó una réplica a la moción en la que solicitaba un cambio de custodia. En síntesis, alegó que la señora que cuidaba a la menor había sido la niñera de los hijos de la directora de la escuela donde la menor asistía a clases. Sostuvo que esta señora, quien es madre y abuela, no es homosexual. De igual forma negó que estuviese mentalmente incapacitada y afirmó que siempre le ha brindado a su hija una vida familiar. Sostuvo, por el contrario, que el padre era quien maltrataba a los hijos tanto física como mentalmente.

El 11 de mayo de 1994 el Tribunal Superior, Sala de Bayamón, celebró una vista donde las partes ofrecieron su

versión de los hechos. En la vista, la señora Colón Irizarry admitió ser homosexual y que en su residencia pernoctaba su amante durante los fines de semana. Contrario a lo sostenido por el señor Figueroa Molina, en ese día el tribunal no dictó una resolución para confiarle la custodia de la menor. El tribunal sí expresó su inclinación para conferirle al padre la custodia provisional de la niña, pero se reservó el fallo al entender que era necesaria una recomendación del Programa de Relaciones de Familia del Centro Judicial de Bayamón. En vista de ello, el tribunal ordenó a este programa que sometiera sus recomendaciones en un plazo de veinticuatro (24) horas.

Al día siguiente, el 12 de mayo de 1994, la Trabajadora Social, Estela Rivas Nina, en cumplimiento de la orden dictada, presentó una moción en la cual consignó sus recomendaciones provisionales. Según consta en su escrito, la Trabajadora Social consideró que la señora Colón Irizarry debía continuar ejerciendo la custodia sobre la menor Bibiana Figueroa Colón y que, por el momento, era preferible mantener inalteradas las relaciones filiales. También señaló que no debía haber contacto alguno entre los niños y las parejas de sus padres y que éstos debían abstenerse de proferir comentarios negativos del otro en presencia de los menores.

En ese mismo día, en horas de la tarde, luego de haberse reunido con los abogados de las partes y con la Trabajadora Social Rivas Nina, el tribunal dictó una resolución mediante la cual acogió todas y cada una de las recomendaciones hechas por esta Trabajadora Social. Específicamente, ordenó que por el momento la menor continuaría bajo la custodia de la señora Colón Irizarry, con la salvedad de que ésta no se reuniese con su amante. Finalmente, el tribunal señaló la vista en su fondo para el 17 de agosto de 1994, pero indicó que de solicitarlo alguna de las partes celebraría una vista antes de esa fecha. El señor Figueroa Molina solicitó dicha vista, por lo que el tribunal

citó a las partes para el 23 de mayo de 1994. En ese día el tribunal pospuso la vista para el 17 de agosto de 1994 y ordenó la preparación de un informe social.

Inconforme, el señor Figueroa Molina acudió vía *certiorari* ante este Tribunal imputándole al foro de instancia la presunta comisión de dos (2) errores, a saber:

> 1.   Erró el [t]ribunal de [i]nstancia en utilizar el Informe Sobre Recomendaciones Provisionales como base para la adjudicación de custodia provisional sin la celebración previa de una vista evidenciaria.
> 2..  Erró el [t]ribunal de [i]nstancia en revocar su [r]esolución emitida el 11 de mayo de 1994, en donde en efecto se otorgó la custodia provisional al peticionario en pro del bienestar de la menor. Petición, pág. 5.

Con el beneficio de la comparecencia de la parte recurrida, resolvemos.

### III

El Art. 107 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 383, dispone:

> En todos los casos de divorcio los hijos menores serán puestos bajo el cuidado y la patria potestad del cónyuge que el Tribunal, en el ejercicio de su sana discreción, considere que los mejores intereses y bienestar del menor quedarán mejor servidos; pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos, en la manera y extensión que acuerde el Tribunal al dictar sentencia de divorcio, según los casos.
>
> El cónyuge que haya sido privado de la custodia y la patria potestad tendrá derecho a recobrarlas si acreditare ante cualquier sala competente del Tribunal Superior el fallecimiento del otro ex cónyuge o demostrase a satisfacción del tribunal que a los mejores intereses y bienestar de los menores conviene la referida recuperación de la custodia y la patria potestad.

Es una doctrina sentada en Puerto Rico que las determinaciones sobre custodia deben guiarse única y principalmente por el bienestar y los mejores intereses del menor. *Santana Medrano v. Acevedo Osorio*, 116 D.P.R. 298 (1985);

*Perron v. Corretjer,* 113 D.P.R. 593 (1982); *Nudelman v. Ferrer Bolívar,* 107 D.P.R. 495 (1978); *Marrero Reyes v. García Ramírez,* 105 D.P.R. 90 (1976); *Castro v. Meléndez,* 82 D.P.R. 573 (1961); *Rodríguez v. Gerena,* 75 D.P.R. 900 (1954).

Específicamente en *Torres, Ex parte,* 118 D.P.R. 469, 478–479 (1987), reafirmamos que el derecho a la custodia está necesariamente subordinado al ejercicio por los tribunales del poder de *parens patriae* y que el factor dominante en el ejercicio de tal poder es el bienestar de los hijos. Igualmente, en este último caso reiteramos que el citado Art. 107 del Código Civil no destruye ni restringe este poder, por lo que los tribunales al adjudicar casos de custodia podrán adoptar las medidas necesarias para lograr y proteger el bienestar y los mejores intereses de los menores.

Luego de un análisis sereno y cuidadoso de todas las circunstancias presentes en este caso, y al tener como único y principal propósito el bienestar de la menor Bibiana Figueroa Colón, concluimos que ésta debe continuar de *forma provisional* bajo la custodia de la recurrida según lo recomendara la Trabajadora Social Rivas Nina y lo resolviera el tribunal de instancia.

Sin embargo, el tribunal de instancia deberá celebrar una vista en o antes del 20 de junio de 1994 en la cual recibirá toda la prueba necesaria para adjudicar a quién se le ha de confiar la custodia de la menor. El tribunal deberá dictar todas las órdenes que sean necesarias, incluso para que se hagan los estudios sicológicos y de otra índole que sean necesarios para cumplir con este mandato. Una vez celebrada esta vista, el tribunal tendrá diez (10) días para resolver el particular.

Por los fundamentos expuestos, *se expide el auto, se devuelve el caso al tribunal de origen y se ordena que continúen los procedimientos en conformidad con este dictamen.*

*Notifíquese por correo y por la vía telefónica.*

Así lo pronunció y manda el Tribunal y certifica el señor

Secretario General. El Juez Asociado Señor Rebollo López disintió con opinión escrita. Los Jueces Asociados Señores Negrón García y Fuster Berlingeri no intervinieron.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

Independientemente de nuestras creencias personales y religiosas sobre un asunto en particular, el juramento que hiciéramos al tomar posesión del cargo de Juez de este Tribunal nos obliga a resolver las controversias que se plantean en los recursos que vienen ante nuestra consideración con absoluta objetividad e imparcialidad y, en específico, conforme a las normas jurídicas imperantes en nuestra jurisdicción. Así lo hemos hecho siempre, y así lo hacemos en el presente caso.

Hoy debemos resolver, a la luz del principio rector del bienestar de los menores, si una madre —*que admitidamente es homosexual o lesbiana y que "vive" con su amante los "fines de semana" en la casa en que igualmente reside una niña, hija de la primera, de cinco (5) años de edad*— debe tener la custodia de esa niña de tierna edad.

La mayoría de los integrantes del Tribunal, en un intento imposible de estar "con Dios y con el diablo", determina que resulta procedente que dicha niña permanezca provisionalmente con su madre, y la amante de ésta, *pero* ordena que el foro de instancia celebre una vista, lo antes posible, con el propósito de que haga una determinación final sobre el asunto de la custodia; pudiendo dicho foro de instancia, en palabras de la mayoría, "dictar todas las órdenes que sean necesarias, incluso para que se hagan los estudios sicológicos y de otra índole que sean necesarios

para cumplir con este mandato". Opinión mayoritaria, pág. 264.

En nuestra opinión, *no* se necesita ser muy perspicaz ni inteligente, ni tener conocimientos especializados en sicología, para poder uno darse cuenta de que una relación homosexual, entre su madre y la amante de ésta, tiene el nocivo potencial de, cuando menos, causar *en un corto período de tiempo* una gran confusión en la mente de una criatura de cinco (5) años; confusión que, posiblemente, en el futuro tendrá consecuencias mayores.

Nosotros no pretendemos saber más que otros. Sí sabemos que haríamos todo lo contrario a lo que hace la mayoría; esto es, provisionalmente le quitaríamos la custodia a la madre; ordenaríamos que se hicieran a nivel de instancia todos los exámenes sicológicos necesarios y pertinentes; luego de lo cual, dicho foro de instancia resolvería si ratifica la orden de custodia original o, por el contrario, le concede la misma al padre de dicha niña.

Somos del criterio que, de esta forma, el bienestar de la menor se protege mejor. Ello por razón de que bajo nuestra alternativa se separa, de inmediato, a la niña de la situación que puede causarle un daño irreparable a ésta, en espera de que los expertos se pongan de acuerdo sobre los efectos que esta situación pueda tener sobre la niña y, en consecuencia, la deseabilidad o no de que ésta continúe residiendo junto a su señora madre; opinión pericial que el foro judicial tendrá que tomar en consideración, junto a otros factores, al resolver la controversia sobre custodia.

Por las razones antes expresadas es que disentimos. Nuestro disenso únicamente toma en consideración las preferencias sexuales de la recurrida a los fines exclusivos de decidir qué es lo más conveniente para esta niña de tierna edad; víctima inocente del mundo convulsionado en que vivimos. Aparte de ello, repetimos, las preferencias sexuales de la recurrida no tienen otra importancia.