ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **MARIE LUCIE SINGH, a.k.a. MARIE LUCIE VICTOIRE**<br><br>Recurridos<br><br>v.<br><br>**PARMINDER SINGH**<br><br>Peticionarios | KLCE202400092 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2022RF00678**<br><br>Sobre: Divorcio, Ruptura irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece ante nos el señor Parminder Singh (señor Singh o peticionario) y solicita que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 21 de diciembre de 2023. Por virtud del dictamen recurrido, el foro *a quo* acogió las recomendaciones del *Informe Social Forense* y, entre otras cosas, reafirmó la custodia de la menor SSV a su madre, la señora Marie Lucie Victoire (señora Victoire o recurrida). Además, en lo pertinente, reiteró la Orden a la Unidad de Investigaciones Especiales (UIE) del Departamento de la Familia para que presentara al Tribunal su informe con los hallazgos de la investigación en el referido número 10422728.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y modificamos la *Resolución* impugnada.

**I.**

Según surge del expediente, el señor Singh y la señora Victoire se casaron el 5 de abril de 2014. Durante su matrimonio procrearon a SSV, nacida el 9 de diciembre de 2015. Mediante *Sentencia* de 1 de septiembre de 2022, el Tribunal decretó roto y disuelto el vínculo matrimonial existente entre las partes. Asimismo, refirió el caso a la Unidad Social para evaluación y recomendación sobre custodia y relaciones filiales. En particular, el Tribunal determinó que, provisionalmente, la custodia de la menor sería ostentada por la señora Victoire y estableció las relaciones paternofiliales provisionales. También fijó una pensión excónyuge en beneficio de la señora Victoire, sujeta al resultado de cualquier pleito de división de comunidad ganancial y otra cosa que dispusiera el Tribunal.

El **2 de diciembre de 2022**, la trabajadora social asignada al caso, Rebeca Fuentes Ruiz, incoó una *Moción de Prórroga*, en la cual hizo alusión al referido número 10422728, investigado por la UIE del Departamento de la Familia, concerniente al señor Singh. **Solicitó al TPI que emitiera una orden a la UIE para que presentaran el informe de los hallazgos**. Además, requirió una prórroga de 30 días para contar con los informes de las evaluaciones de la Clínica de Diagnóstico, de Alternativas Psicoeducativas y de la UIE, por entender que éstos eran medulares para emitir recomendaciones y cumplir con el estudio social que prepararía. El foro primario concedió la prórroga solicitada por la trabajadora social y, **mediante *Orden* dictada el 27 de diciembre de 2022, dictaminó a la UIE presentar en 20 días el informe de los hallazgos del mencionado referido, so pena de sanciones**.[1]

Con el beneficio del informe de evaluación psicológica, el informe de evaluación psiquiátrica de la Clínica de Diagnóstico,

---

[1] Apéndice del recurso, págs. 136-137, 140, 141-142.

evaluaciones de Alternativas Psicoeducativas e informes del Programa de Reeducación para Manejo de Coraje, el **23 de marzo de 2023**, la trabajadora social Fuentes Ruiz presentó su *Informe Social Forense*. A base de sus hallazgos, **recomendó al foro primario**, entre otras cosas, lo siguiente:

> CUSTODIA
>
> 1. Que la Sra. Marie L. Victoire, madre, continúe ostentando la custodia de la menor Sophie Singh Victoire.
>
> PLAN DE RELACIONES PATERNOFILIALES
>
> [...]
>
> 17. **Que se emita orden a la Unidad de Investigaciones Especiales (UIE) del Departamento de la Familia, para que presente al Tribunal su informe con los hallazgos de la investigación en el referido 10422728. Del caso resultar con fundamento que el Sr. Singh cumpla con el plan de servicios que establezca la agencia.**
>
> [...]
>
> (Énfasis nuestro).

El 14 de abril de 2023, el TPI emitió una *Orden*, por medio de la cual concedió 20 días para que los abogados de las partes se expresaran sobre el *Informe Social Forense*. El foro *a quo* destacó que: "[t]ranscurrido dicho término sin que se haya presentado oposición, el Tribunal lo acogerá como final, sin más citarles, ni oírles."

Mediante *Moción en Cumplimiento de Orden sobre Informe Social Forense* instada el 8 de mayo de 2023, el señor Singh se opuso al aludido informe por varias razones. En lo que nos atañe al recurso bajo nuestra consideración, el señor Singh puntualizó que el Tribunal no debía dar el *Informe Social Forense* como finalizado, toda vez que aún estaba pendiente de recibirse los hallazgos de la UIE sobre el referido sometido por la señora Victoire. Resaltó que la trabajadora social expresó en su escrito que dichos hallazgos eran "medulares", por lo que, al ser un factor considerado por ésta, era muy importante recibir la información de la UIE. Añadió que, "el

hecho que la trabajadora social enfatizara que el referido al Departamento de la Familia cumplió los criterios al amparo de la Ley 246 para ser investigado no es conclusivo ya que el Departamento de Familia tiene la obligación de investigar cualquier alegación de maltrato contra menores, incluyendo los referidos anónimos."[2]

En respuesta a la anterior moción instada por el señor Singh, el 9 de mayo de 2023, el Tribunal de Primera Instancia dictó la siguiente *Orden*:

> Informe dentro de 20 días si pretende impugnar el Informe Social y notifique el perito, si alguno, que utilizará. Si va a utilizar un perito, dentro de ese término someta su *curriculum vitae*.

El 26 de mayo de 2023, el señor Singh solicitó prórroga de 20 días para cumplir con lo ordenado, lo cual fue concedido. El 20 de junio de 2023, este instó una *Moción en Cumplimiento de Orden para Informar Perito de Impugnación de Informe Social Forense.*

Tras varios trámites, el **30 de octubre de 2023**, el señor Singh enmendó un argumento sometido previamente relacionado a su oposición al *Informe Social Forense*. En específico, argumentó que el informe de hallazgos sobre el referido presentado por la señora Victoire en el Departamento de la Familia no fue sometido por la UIE, por lo que la trabajadora social no consideró la información que surgiera de dicha investigación para las recomendaciones esbozadas en su estudio social. Lo anterior, aun cuando indicó que los mencionados hallazgos de la UIE formaban parte de las evaluaciones medulares para emitir recomendaciones. Por tanto, **el señor Singh requirió al TPI que ordenara a la UIE del Departamento de la Familia presentar su informe de manera que la Unidad Social pudiera formular sus recomendaciones basadas**

---

[2] Apéndice del recurso, págs. 241-250.

**en los hallazgos**. Solicitó que, una vez se emitieran los hallazgos, se le concedieran 30 días para someter el informe pericial correspondiente.

En el ínterin de este proceso sobre el informe social, el **6 de noviembre de 2023**, el foro de instancia designó la residencia que constituyó el hogar familiar de las partes, localizada en el municipio de San Juan, como el hogar seguro de la menor SSV hasta que se determinara finalmente la custodia. El señor Singh solicitó la reconsideración de la aludida determinación, sin éxito.[3]

El 21 de noviembre de 2023, la señora Victoire se opuso al petitorio del señor Singh de dejar en suspenso el proceso de impugnación del informe social, por entender que su propósito era mantener entretenido el asunto de la custodia de SSV, evitando llegar a una solución final. Destacó que el referido al Departamento de la Familia no tiene efecto alguno en el *Informe Social Forense* y la Unidad Social meramente lo tomó como no terminado. Añadió que cualquier determinación que tome dicha agencia lo que podría provocar es un resultado en contra del señor Singh. Detalló que el tribunal no debía mantener en suspenso el proceso de impugnación del informe social, sino establecer el estado de derecho provisional como uno final ante el incumplimiento del señor Singh con sus órdenes al respecto.

Mediante *Orden* dictada el 27 de noviembre de 2023, el TPI expresó lo siguiente:

> No Ha Lugar a la solicitud del Sr. Parminder Singh de dejar en suspenso el proceso de impugnación del informe social. La Unidad Social no condicionó su evaluación al resultado del referido ante el Departamento de la Familia. En todo caso, dicho referido es contra el propio Sr. Singh y la recomendación del informe es que dicha parte cumpla con el plan de servicio, si alguno, que se confeccione. Se le concede al Sr. Singh un término perentorio de 20 días para que someta los informes de los peritos anunciados

---

[3] Apéndice del recurso, págs. 312, 317-320, 332.

desde el 20 de junio de 2023, so pena de acoger el informe social.

Así las cosas, el 21 de diciembre de 2023, la señora Victoire instó una *Urgente Solicitud de Remedio por Incumplimiento del Demandado con el Término Perentorio para Someter Informe Pericial*. Requirió al Tribunal que acogiera las recomendaciones de la trabajadora social, toda vez que el señor Singh contravino el término perentorio concedido en la *Orden* del 27 de noviembre de 2023 para someter su informe pericial de impugnación del informe social.

Consecuentemente, el mismo **21 de diciembre de 2023**, el foro primario dictó la *Resolución* que hoy revisamos. Mediante la misma, expuso que:

> Habiéndose allanado la demandante a las recomendaciones del informe y habiendo vencido el término perentorio concedido sin que el demandado hubiese cumplido con las órdenes del tribunal en cuanto a su intención de impugnar el Informe, se acogen las recomendaciones del Informe Social [...]

Según recomendado por la trabajadora social, **el Tribunal reiteró la orden a la UIE del Departamento de la Familia para que presentara su informe de hallazgos en la investigación del referido número 10422728**. Subrayó que, del caso resultar con fundamento, el señor Singh deberá cumplir con el plan de servicios que establezca la agencia.

En desacuerdo, el señor Singh comparece ante nos mediante *Petición de Certiorari*, y alega que el foro primario cometió los siguientes errores:

> Erró el TPI al privar al recurrente de su debido proceso de ley en su vertiente procesal al acoger las recomendaciones contenidas en el informe pericial Informe Social incompleto presentado el 23 de marzo de 2023 por la Unidad Social de Relaciones de Familia y Asuntos de Menores, toda vez que no se incluyeron los hallazgos de la Unidad de Investigaciones del Departamento de la Familia pese a que la trabajadora social indicó que eran "medulares" para emitir recomendaciones y poder rendir el informe.
>
> Erró el TPI al adjudicar la custodia de la menor basándose en las recomendaciones incluidas en un

informe social incompleto así privando al Padre de la hija menor de su oportunidad de carear la evidencia en violación al debido proceso de ley en su vertiente procesal.

Erró el TPI al designar la residencia parte del litigio como a la recurrida y adjudicando hogar seguro de la menor hasta que se determine finalmente la custodia sin la celebración de una vista plenaria en violación al debido proceso de ley.

El 12 de febrero de 2024, la señora Victoire presentó su alegato en oposición a la expedición del auto de *certiorari*. En este solicita la desestimación del recurso por entender que no cumple con el Reglamento de este Foro. Añade que los argumentos relacionados a la determinación de hogar seguro son tardíos, pues dicha determinación no obra de forma alguna en la decisión del tribunal emitida el 21 de diciembre de 2023. Esboza que, aun en sus méritos, el *certiorari* no procede.

Con el beneficio de la comparecencia de todas las partes, evaluamos el asunto traído a nuestra atención.

**II**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR __ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR __ (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[4]

---

[4] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede

---

Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

Como se sabe, la custodia es la tenencia o control físico que tiene un progenitor sobre sus hijos y es, por tanto, un atributo inherente al deber que la patria potestad impone a los padres de tener a su prole no emancipada en su compañía. *Torres, Ex parte*, 118 DPR 469 (1987). Sin embargo, el derecho a la custodia está necesariamente subordinado al poder de *parens patriae* que poseen los tribunales; es decir, a la facultad que estos tienen de adoptar las medidas necesarias en aras de velar y procurar el mejor bienestar de los menores. *Muñoz Sánchez v. Báez de Jesús*, 195 DPR 645 (2016); *Martínez v. Ramírez Tió*, 133 DPR 219 (1993); *Rodríguez v. Gerena*, 75 DPR 900 (1954). En vista de ello, el Tribunal Supremo de Puerto Rico ha expresado que el principio cardinal que debe guiar a los tribunales en las determinaciones de custodia debe responder al mejor bienestar del menor. *Maldonado v. Burris*, 154 DPR 161 (2001); *Sánchez Cruz v. Torres Figueroa*, 123 DPR 418 (1989).

Con el fin de facilitar tan ardua encomienda la jurisprudencia fijó unos criterios o guías que se deben sopesar al momento de otorgar la custodia, a saber: (1) la preferencia del menor; (2) su sexo, edad y salud mental y física; (3) el cariño que puede brindársele por las partes en controversia; (4) la habilidad de las partes para satisfacer debidamente las necesidades afectivas, morales y

económicas del menor; (5) el grado de ajuste del menor al hogar, la escuela y la comunidad en que vive; (6) la interrelación del menor con las partes, sus hermanos, y otros miembros de la familia; y 7) la salud psíquica de todas las partes. No obstante, ninguno de estos factores es por sí solo decisivo, por lo que hay que evaluarlos todos para alcanzar la solución más justa y razonable posible. *Rivera v. Morales,* 167 DPR 280 (2006); *Nudelman v. Ferrer Bolívar,* 107 DPR 495 (1978).

Enfrentado a un litigio donde se dilucida la custodia, patria potestad o las relaciones materno y/o paternofiliales, un tribunal no puede actuar livianamente. Debe contar con la información más completa y variada posible para resolver de forma correcta. *Pena v. Pena,* 164 DPR 949, 958-959 (2005).

Ante lo expuesto, no cabe duda de que la decisión de a quién corresponde la custodia de un menor debe ocurrir luego de un sereno y cuidadoso análisis de todos los hechos que rodean la controversia entre los padres y la misma siempre debe tener como norte el mejor bienestar de los menores. *Rivera v. Morales*, supra; *Marrero Reyes v. García Ramírez*, 105 DPR 90 (1976); *Nudelman v. Ferrer Bolívar*, supra.

Ahora bien, cabe señalar que un decreto emitido a tales efectos no constituye cosa juzgada, sino que los tribunales mantienen jurisdicción para reevaluarlo. Sin embargo, dicha facultad está circunscrita a los siguientes principios: primero, se presume la corrección del decreto de custodia original; segundo, el criterio esencial para ordenar el cambio de custodia es la existencia de circunstancias extraordinarias. *Santana Medrano v. Acevedo Osorio*, 116 DPR 298, 302 (1985); *Marrero Reyes v. García Ramírez*, supra.

**III.**

Debido a que la controversia bajo nuestra consideración versa sobre un asunto de relaciones de familia, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari*, al palio de la Regla 52.1 de Procedimiento Civil, *supra*.

Por su estrecha relación, discutiremos los primeros dos señalamientos de error en conjunto. En esencia, el peticionario objeta la determinación del TPI de acoger las recomendaciones que surgen del *Informe Social Forense*, por entender que este es uno parcializado, deficiente e incompleto. Aduce que con la actuación del TPI se genera una mácula que permearía en las decisiones subsiguientes, al no considerar la custodia compartida o la custodia monoparental a su favor y la otorgación de hogar seguro sin mediar una vista plenaria solicitada. Arguye que un informe incompleto priva a los padres de sus derechos constitucionales y que al Departamento de la Familia iniciar una investigación sin presentar sus hallazgos se le privó de su derecho a refutar la evidencia de manera efectiva.

Asimismo, el peticionario aduce que el TPI se equivocó al no ordenar a la UIE otorgar el informe, pues presupone que su resultado sería negativo para él. Ante ello, argumenta que dicha suposición lo priva de examinar, aceptar o refutar la evidencia contenida en el informe. Contrario a lo que concluyó el Tribunal, el peticionario esgrime que los hallazgos de la UIE son necesarios para la adjudicación de la custodia de SSV. Por tanto, esboza que, al impedirle acceder al informe completo, se le vulneró su debido proceso de ley. Por su parte, la recurrida está conforme con la decisión objetada y arguye que, a pesar de que el foro primario le concedió vasta oportunidad al peticionario para cumplir con las órdenes relacionadas al proceso de impugnación del informe social, éste no las cumplió. Reitera que la investigación de la UIE no es

determinante para las recomendaciones de la trabajadora social que se incluyen en el *Informe Social Forense.*

Luego de analizar la totalidad de las circunstancias del caso de autos, entendemos que procede nuestra intervención con la *Resolución* impugnada, a los únicos fines de determinar que el TPI debe ordenar a la UIE, so pena de sanciones severas, presentar el informe de hallazgos relacionados al referido presentado por la recurrida. Es sorprendente el tiempo que ha demorado la UIE en concluir el mencionado informe, **a pesar de que el Tribunal le ha ordenado en varias ocasiones cumplir con esa encomienda**. Máxime, en un caso en el cual la propia trabajadora social ha expresado que, entre otras cosas, la información provista por la UIE es medular para las recomendaciones a incluirse en su informe social.

Evidentemente, la trabajadora social no condicionó sus recomendaciones sobre custodia y relaciones paternofiliales a los resultados del referido a la UIE, más, sin embargo, es información sensitiva importante que debe plasmarse en el informe social forense, independientemente de si favorece o no al peticionario. Es una cuestión de hechos procesales y que la jurisprudencia ha establecido que el Tribunal debe contar con la información más completa y variada posible para resolver de forma correcta los casos ante su consideración. *Pena v. Pena,* supra. A fin de cuentas, el producto de la evaluación de la UIE podría ayudar al juzgador de los hechos a justipreciar, a la luz de todas las circunstancias existentes, en qué consiste el mejor bienestar de SSV, criterio rector en casos de esta naturaleza. Por consiguiente, resulta prudente que el Tribunal de Primera Instancia ordene, **con carácter de urgencia y en la fecha más próxima posible, a la UIE del Departamento de la Familia someter definitivamente sus hallazgos en el referido número 10422728, so pena de sanciones**. En la discreción que

ostenta el tribunal en el manejo de sus casos, este debe asegurarse, utilizando todo mecanismo disponible, que la UIE del Departamento de la Familia cumpla con dicha orden.

Por último, en su tercer señalamiento de error, el peticionario se limitó a expresar que el tribunal erró al designar la residencia localizada en el municipio de San Juan como hogar seguro de SSV porque, previo a dicha determinación, no se llevó a cabo una vista en su fondo solicitada por éste. El peticionario no discute nada más en cuanto al hogar seguro. Por su parte, la recurrida razona que este Foro no tiene jurisdicción sobre este asunto, toda vez que la designación de hogar seguro se notificó el 6 de noviembre de 2023. Le asiste la razón a la recurrida. La determinación sobre hogar seguro es una final, sobre la cual estamos impedidos de pasar juicio.

Así, toda vez que la expedición del auto de *certiorari* es de índole discrecional, resolvemos que, de acuerdo con los criterios establecidos en la Regla 40 de nuestro Reglamento, existe razón para ejercer nuestra función revisora con la determinación impugnada en esta etapa de los procedimientos. La actuación del TPI debe modificarse.

**IV.**

Por las consideraciones que preceden, expedimos el auto de *certiorari* y modificamos el dictamen recurrido, a los efectos de ordenar al TPI a que, en una fecha próxima, ordene a la UIE someter los hallazgos en el referido número 10422728. Se mantiene el *status quo* de la *Resolución* recurrida hasta que el TPI reciba la determinación del Departamento de la Familia y emita una nueva resolución que integre dicha información. Así modificado, se devuelve el caso al TPI para la continuación de los procedimientos.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[5] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin tener que esperar por el recibo de nuestro mandato.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* **no** suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.